[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
The following facts are alleged in the plaintiff's July 28, 1988 amended complaint. The plaintiff, Earl A. Reichle, owned a barn located on Buckland Street in South Windsor, Connecticut along with all of the personal property therein. On July 25, 1987 a portion of the barn was blown into the road by a storm. Thereafter, South Windsor allegedly CT Page 1984 employed J H Slater Construction Company to move the barn; Mitchell Trucking, Inc. to raze the entire barn; police officers to block the road while the barn was being moved and razed; and public works employees to direct the process.
On July 28, 1988, subsequent to the razing of his barn, the plaintiff filed a three-count amended complaint against Mitchell Trucking, Inc. (Mitchell) and the Town of South Windsor (Town). Count One alleges negligence on the part of Mitchell. Count Two seeks indemnification from the Town under Conn. Gen. Stats. 7-465 for alleged negligence of its alleged employee Mitchell. Count Three alleges a taking of the plaintiff's property by the Town.
On January 17, 1990, Judge Corrigan granted the Town's motion to strike Count Two of the plaintiff's amended complaint due to the plaintiff's failure to allege the negligence of individual employees as required by Conn. Gen. Stats. 7-465. On January 23, 1990, the plaintiff requested leave to file an amended complaint. On March 27, 1990, Judge Ripley sustained the Town's objection to the plaintiff's request for leave to amend because the plaintiff's claim was beyond the two-year limitation which governs claims brought pursuant to Conn. Gen. Stats. 7-465. On September 4, 1990, pursuant to an agreement between the parties, Judge Clark entered judgment for the Town on Count Two of plaintiff's amended complaint.
On October 18, 1990, the plaintiff initiated a new action pursuant to Conn. Gen. Stats. 52-593 which allows the bringing of a new action within one year of the termination of the original action if the plaintiff originally failed to name the proper defendant. The plaintiff's October 18, 1990 complaint consists of two counts. The first count alleges the negligence of certain individuals who were allegedly employed by the Town. The named individuals include Mitchell Trucking, Inc., building inspector Thomas P. D'Auria, police officers Thomas Hart and Gerald B. Lewis, and Public Works employees Melvin Stead and John Pizzoni. Count Two seeks indemnification from the Town under Conn. Gen. Stats. 7-465 for damage caused by its employees.
On October 29, 1990, the Town along with defendants D'Auria, Hart, Lewis, Stead, and Pizzoni, filed a motion to dismiss the plaintiff's October 18, 1990 complaint along with a memorandum thereof. Their motion claims that the still existing first count negligence claim and third count taking claim of the July 28, 1990 amended complaint constitute a prior pending suit of the same character, between the same parties which was brought to obtain the same remedy in the same jurisdiction and as such is good cause for dismissal of of the CT Page 1985 October 29, 1990 action. On November 16, 1990, the plaintiff filed a memorandum in opposition.
 II.
The prior pending action doctrine states that "[t]he pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is at common law good cause for abatement." Halpern v. Board of Education, 196 Conn. 647, 652 (1985) (emphasis added). This rule is applicable where two suits are "virtually alike" (emphasis added).
In order for the prior pending action doctrine to be given effect, each action must contain the same parties. Taber v. Crista Building Contractors, Inc., 3 CSCR 427 (April 4, 1988, Kulawiz, J.). "A `party' to an action is a person whose name is designated on record as plaintiff or defendant." Black's Law Dictionary 1011 (5th ed. 1979).
The existing first count of the July 28, 1988 complaint alleges the negligence of Mitchell Trucking, Inc. (Mitchell) alone, whereas, the first count of the October 18, 1990 complaint alleges the negligence of five individual Town employees in addition to that of Mitchell. Although the five individuals along with the Town are now moving to dismiss the October 18, 1990 action, Mitchell is not. For this reason, it is now necessary to determine whether or not Count One of the July 28, 1988 complaint constitutes a prior pending action which would allow for the dismissal of Count One of the October 18, 1990 complaint as far as it applies to Mitchell.
The individuals named in the October 18, 1990 complaint are not named in nor parties to the original July 28, 1988 action. The fact that these individuals were not named parties in the July, 1988 complaint is the very reason that Judge Corrigan struck Count Two of that complaint. Therefore, the July 28, 1988 negligence claim is not a prior pending action which would allow a dismissal of the October 18, 1990 negligence claim against the five town employees.
The existing third count of the July 28, 1988 complaint alleges a taking claim against the Town. The second count of the October 18, 1990 complaint seeks indemnification from the town for the negligence of its employees pursuant to Conn. Gen. Stats. 7-465.
Recovery on a taking claim requires a showing that some governmental action resulted in the total deprivation of a plaintiff's right to his property. Luf v. Southbury, 188 Conn. 336
CT Page 1986 (1982). Recovery on a claim of negligence requires a showing that a breach of duty by the defendant was causally connected to harm sustained by the plaintiff. Katz v. Rubenstein, 201 Conn. 39, 44 (1986).
It is concluded these causes of action are separate and distinct claims which require the adjudication of wholly independent issues. It is further found that Count Three of the July 28, 1988 complaint and Count Two of the October 18, 1990 complaint are not "virtually alike" or of the "same character" as they are based upon different causes of action. For this reason, Count Three of the July 28, 1988 complaint is not a prior pending action which would allow the court to dismiss Count Two of the October 18, 1990 complaint.
Therefore, the defendant's Motion to Dismiss is hereby denied.
STENGEL, J.