[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On May 29, 1991, prior to the commencement of the above captioned action, the FDIC, as receiver for the New Connecticut Bank and Trust Company, N.A., instituted a mortgage foreclosure action on a parcel of property known as 1718 Boston Post Road, Milford, Connecticut ("the mortgage foreclosure action"). The named defendants in this action were the 1718 Boston Post Road Limited Partnership, Robert DiNardo, Sr., Robert DiNardo, Jr., CityTrust, Preston Trucking Company, Inc., and H.C. Tedford Associates ("Tedford"). Defendant Tedford, who claimed an interest in the subject property by virtue of a mechanic's lien, filed its answer, special defenses and counterclaim in the mortgage foreclosure action on or about October 14, 1992. However, on May 11, 1992, upon application of the FDIC, the court, ordered the dissolution of the mechanic's lien by substitution of a bond pursuant to General Statutes 49-37.
On September 14, 1992, the FDIC filed a withdrawal of the action as to defendants Tedford and Preston Trucking Company, Inc. On November 23, 1992, the court granted the FDIC's Motion for Deficiency Judgment to the extent that the fair market value of the property was found to be $1,275,000.00 and an appraisal fee in the amount of $250,000.00 was found. In addition, the court noted that "by agreement, a deficiency of $1,000,000.00 [is] found as a joint and several liability of Robert DiNardo, Jr., Robert DiNardo, Sr., and Frank DiNardo, Jr."
On June 26, 1991, Tedford commenced the instant action to foreclose its mechanic's lien. The defendants in this action are 1718 Boston Post Road Limited Partnership, CityTrust, New Connecticut Bank and Trust, N.A., and Preston Trucking Company. Defendant Federal Deposit Insurance Corporation, as receiver for the New Connecticut Bank and Trust, N.A., ("FDIC") filed its answer and special defenses on November 6, 1991. Defendant FDIC now moves to dismiss this action on the ground that the court lacks subject matter jurisdiction over the matter. No opposition has been filed, and the matter is ready for decision.
Specifically, defendant FDIC contends that a "prior pending action between the parties exists, namely New Connecticut Bank Trust v. 1718 Boston Post Road Limited Partnership, CV 91 0036090 and in the prior pending action the Court granted FDIC as Receiver for New Connecticut Bank Trust's application for dissolution of mechanic's lien by substitution of a bond. . . ."
The FDIC, invoking the prior pending action doctrine, argues that because its prior mortgage foreclosure action and the instant action are virtually alike, the case at bar should be dismissed. In addition, defendant concludes that this action "should be dismissed for lack of subject matter jurisdiction", because the mechanic's lien, which is the subject matter of the instant action, no longer exists.
A motion to dismiss is the appropriate vehicle "`for claiming any lack of jurisdiction in the trial court.'" (Citation omitted). (Emphasis in original). Upson v. State, 190 Conn. 622, 624-25 n. 4,461 A.2d 991 (1983). A motion to dismiss may be utilized to raise a claim of the existence of a prior pending action between the CT Page 665 parties because "`[i]t has long been the rule that when two separate lawsuits are "virtually alike" the second action is amenable to dismissal by the court.'" (Citations omitted). Beaudoin v. Town Oil Co., 207 Conn. 575, 583, 542 A.2d 1124 (1988). However, the prior pending action doctrine "does not truly implicate the subject matter jurisdiction of the court." (Citations omitted). Halpern v. Board of Education, 196 Conn. 647,652 n. 4, 495 A.2d 264 (1985).
The prior pending action is "`a rule of justice and equity'" and is invoked when two separate lawsuits exist and the prior pending suit is between the same parties, is the same character, and has been brought to achieve the same objective. (Citations omitted). Halpern v. Board of Education, supra, 652. However, the prior pending action doctrine is not implicated in this action because defendant FDIC withdrew its mortgage foreclosure action against plaintiff Tedford, so there is no prior pending action as between these parties. However, even if the FDIC had not withdrawn its action against Tedford, the two actions are not of the same character, nor are the actions brought to achieve the same goal. The FDIC brought this "prior pending" suit to foreclose on a mortgage, while Tedford brought the instant case to foreclose on its mechanic's lien.
As previously indicated, the FDIC had applied for the dissolution of Tedford's mechanic's lien by substitution of a bond. The court granted the application on May 11, 1992, "having found that the applicant in good faith intends to contest the lien, and the applicant's bond, with sufficient surety, conditioned to pay the lien or his assigns, the sum of Fifty Thousand ($50,000.00) Dollars representing the amount of the claimed lien, with interest and costs". The FDIC argues that the instant matter should be dismissed because the "subject of this action [the mechanic's lien] no longer exists. . . ."
General Statutes 49-37 governs the dissolution of a mechanic's lien by substitution of a bond and for the joinder of actions on a claim and a bond. In relevant part, 49-37(a) provides that [w]henever a bond is substituted for any lien after an action for the foreclosure of a lien has been commenced, the plaintiff in the foreclosure may amend his complaint, without costs, so as to make the action one upon the bond with which the plaintiff may join an action to recover upon his claim." Connecticut recognizes the "`remedial intent of the law governing a mechanic's lien, which is the creature of statute, and [has] CT Page 666 consistently construed the statute "so as to reasonably and fairly carry out its remedial intent."'" (Citations omitted). Henry F. Raab Construction, Inc. v. J.W. Fisher Co., 183 Conn. 108, 115,438 A.2d 834 (1981).
In Henry F. Raab Construction, Inc. v. J.W. Fisher Co., supra, the court observed that "[a]n examination of the pertinent statutes in our statutory scheme indicates that the legislative intent in enacting 49-37(a) was to enable the owner or any person `interested' in the property to obtain a dissolution of the mechanic's lien so long as the lienor's rights are not prejudiced in doing so." (Citation omitted). Id., 115. The court noted that the statutory provisions were "`designed to facilitate the transfer of the property by dissolution'", however, the court emphasized that these provisions were "`also intended to ensure the continued existence of assets out of which the lienor may satisfy his claim if he should later prevail and obtain a judgment on the merits of the mechanic's lien.'" (Citation omitted). Id., 115-16.
Although plaintiff Tedford's mechanic's lien has been dissolved, the subject matter of this action still "exists" in the form of the substituted bond, and, pursuant to 49-37, plaintiff has a statutory right to join the actions on his claim and the bond by amended his complaint.
Defendant's motion to dismiss is denied.
Curran, J.