On July 2, 1992, the plaintiff, First Piedmont Corporation, a Virginia corporation, filed a four count complaint against the defendant, The Travelers Insurance CT Page 2637 Company, in this court. The plaintiff which operates a waste disposal and management company in Virginia, alleges that it contracted with Travelers to provide comprehensive general liability insurance policies from April 16, 1970 to July 1, 1981 and seeks damages for alleged breach of contractual obligations, specific performance of obligations under the policies, and declaratory relief with respect to any liability and defense costs connected with the environmental claims against First Piedmont.
On October 22, 1992, the plaintiff filed a four count amended complaint to include The Travelers Indemnity Company, The Travelers Indemnity Company of Rhode Island, and the Charter Oak Insurance Company (all Travelers-related entities who issued policies to First Piedmont and are referred to collectively as "Travelers") as defendants in the action.
On October 20, 1992, Travelers filed an action for declaratory relief in the United States District Court for the Western District of Virginia, seeking a declaratory judgment regarding the rights of the parties with respect to First Piedmont's demand for coverage under the Travelers policies. On November 30, 1992, the United States District Court in response to First Piedmont's motion, dismissed the Travelers' action. In issuing its decision, the District Court stated "First Piedmont has chosen to be the plaintiff in Connecticut and that choice should be honored."
On October 21, 1992, Travelers moved to dismiss the present action on the ground of forum non conveniens claiming that Connecticut is an improper forum because (1) plaintiff a Virginia corporation, with its principal place of business in that state, (2) the subject quarry site is located in Virginia and, regulated under Virginia law, (3) policies of insurance at issue were negotiated, executed and administered in Virginia and must be interpreted under Virginia law, and (4) virtually all relevant sources of proof are located in Virginia. The defendants argue that this action should be adjudicated in Virginia since it is the forum with the most significant interest in the subject dispute and in which all relevant contacts are located, and that adjudicating the action in Connecticut would be fundamentally unfair and seriously prejudice them in defending this action. Both parties have filed memoranda of law, affidavits and documents CT Page 2638 in support of their claims.
The doctrine of forum non conveniens invites the discretion in this court to decide where the trial will best serve the convenience of the parties and the ends of justice; Brown v. Brown, 195 Conn. 98, (1985). The court should weigh and balance the relevant public and private interest factors. Union Carbide Corp. v. Aetna Casualty Surety Co., 212 Conn. 311,319 (1989). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508
(1947). In Picketts v. International Playtex, Inc., 215 Conn. 490, (1990), our Supreme Court indicated that the plaintiff's choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages, should be respected unless equity weighs strongly in favor of the defendant.
"[T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether [the] plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved." Id. The doctrine of forum non conveniens should only be invoked in exceptional circumstances that demonstrate both inconvenience and hardship. Sabino v. Ruffolo, 19 Conn. App. 402 (1989).
It appears that the litigation in this matter is simple, not complex, and involves contract interpretation. There are few parties, one plaintiff and essentially a single entity as defendant. Neither uniform statutes nor long arm statutes are involved. Taking into consideration modern technology and transportation, there would not seem to be too great or an unduly burdensome distance between the Connecticut forum and the Virginia location of the site. Further, it is noted that the suit has been brought in the forum where Travelers is primarily located, its "backyard" to speak.
We find no extraordinary circumstances to exist which would invoke the doctrine of forum non conveniens. Neither can we find that defendant has sustained its burden of showing that consideration of the private and public interest factors, outlined in Miller v. United Technologies Corp.,40 Conn. Sup. 457 (1986) would make Connecticut an inappropriate CT Page 2639 forum.
Motion to Dismiss denied.
Wagner, J.