[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John Thomas (Thomas), a resident of Texas, has filed this three count action against the defendant Connecticut Linen Supply Co., Inc. ("Connecticut Linen"), claiming damages arising from a breach of his written employment contract with the defendant and other oral contracts. The plaintiff alleges that the defendant is a Connecticut corporation having its principal place of business in Connecticut. In the first count, the plaintiff alleges that, on April 17, 1989, while he was a resident of Connecticut, he was hired by the defendant under an employment contract to serve as operations manager for the defendant's Connecticut operations. The employment contract was allegedly renewed on a yearly basis until the defendant wrongfully terminated the plaintiff's employment on February 28, 1993. The plaintiff alleges that the defendant failed to pay him CT Page 9974 the remaining portion of compensation owed under the terms of the contract, in violation of Connecticut General Statutes §31-71a. In the second count, the plaintiff alleges that the defendant has failed to pay the plaintiff certain other bonuses and commissions again in violation of § 31-71a. In the third count, the plaintiff alleges that he entered into a separate oral agreement to perform sales operations for the defendant for its Vermont operations, and the plaintiff alleges that the defendant has in Connecticut withheld the plaintiff's commissions for his sales efforts in Vermont, in violation of General Statutes §31-71a.
On October 23, 1993, the defendant Connecticut Linen and White Plains Coat and Apron Co., Inc. ("Coat Apron"), a party to the employment contract with the plaintiff and a defendant in this case, filed an action for declaratory judgment against the plaintiff in the Supreme Court of New York, County of Weschester. The complaint in the declaratory judgment action, attached to the defendant's motion to dismiss, seeks a declaratory ruling that Connecticut Linen and Coat Apron is not liable to Thomas under the terms of the written contract for any additional compensation, that the contract was properly terminated, and that Thomas is estopped from asserting any claims for payment. This action, according to the New York complaint, was brought after Coat and Apron was contacted by the plaintiff's attorney and informed the plaintiff was demanding payment of unpaid compensation.
The defendant has filed a motion to dismiss the present complaint on the grounds of the prior pending action, improper venue and forum non conveniens. The defendant attached as exhibits to the motion to dismiss an affidavit of the president of Connecticut Linen, the complaint filed in the declaratory judgment action in New York, a judgment entered in New York by default of pleading and a copy of the employment contract.
I.
Prior Pending Doctrine
A motion to dismiss properly raises a claim of a prior pending action between the same parties. Halpern v. Board ofEducation, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985). "It has long been the rule that when two separate lawsuits are virtually alike, the second action is amenable to dismissal by the court." CT Page 9975 (Citations omitted; internal quotation marks omitted.) Beaudoinv. Town Oil Co., 207 Conn. 575, 583, 542 A.2d 1124 (1988). The court may consider here whether the requested relief in the other action is inadequate or incomplete. Halpren v. Board ofEducation, supra, 196 Conn. 655; see also Wack v. Braced ImportSpecialties, Inc., Superior Court, Judicial District of New Haven, Docket No. 350999 (November 12, 1993, Zoarski, J.).
The plaintiff argues that the prior New York action is not virtually identical to the Connecticut action. Although both actions arise out of a dispute over the terms of the written employment contract, the Connecticut cause of action seeks monetary damages and asserts a violation of Connecticut General Statutes § 31-71a. In addition, the plaintiff here asserts claims for unpaid bonuses, and a claim for commissions arising out of an ancillary oral agreement between Thomas and Connecticut Linen for sales services performed in Vermont, which is not a subject of the New York action. The New York action, filed after the plaintiff's attorney demanded payments from the defendant, sought declaratory relief only. Since the court finds the New York action is not virtually identical to the present action, the defendant's motion to dismiss on this ground is denied.
Connecticut law also favors the plaintiff's choice of forum unless equity weighs against it and his choice should rarely be disturbed. See Picketts v. International Playtex, 215 Conn. 490
(1990). The court finds no such inequity in Connecticut hearing these claims where actual damages are sought.
Motion to Dismiss — Venue
The defendant also argues that Connecticut is the improper venue because neither party is currently a resident of Connecticut and the employment contract was signed in New York. Therefore, the defendant argues that the action should be dismissed.
A motion to dismiss properly raises improper venue. Practice Book § 143(3); Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). However, General Statutes § 51-351 dictates that "[n]o cause of action shall fail on the ground that it has been returnable to the wrong location." Unless a particular venue is mandatory and, therefore, jurisdictional, as in the case of certain administrative appeals, "improper venue would only be grounds to transfer the matter, and CT Page 9976 not grounds for a motion to dismiss." Stauffer v. Manganello,8 Conn. L. Rptr. 429 (March 4, 1993, Curran, J.). Therefore, in accordance with General Statutes § 51-351, the motion to dismiss is denied on that ground.
Motion to Dismiss — Forum Non Conveniens
The defendant argues that because the plaintiff is currently residing in Texas, and, as the president of Connecticut Linen testified the defendant no longer has any ongoing operations in Connecticut, the action should be dismissed for the convenience of the parties and the witnesses.
"The motion to dismiss may be used to raise the doctrine of forum non conveniens." Brown v. Jewett, 4 CSCR 611, 612 (July 11, 1989, O'Connell, J.).
"As a common law matter, the doctrine of forum non conveniens vests discretion in the trial court to decide where a trial will best serve the convenience of the parties and the ends of justice." (Citations omitted; internal quotation marks omitted.)Picketts v. International Playtex, Inc., 215 Conn. 490, 497-99,576 A.2d 518 (1990). However, "`[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Id., 500, quoting Gulf Oil Corp. v.Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed.2d 1055
(1947).
 The plaintiff's choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages, should be respected unless equity weighs strongly in favor of the defendant.
 [T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether [the] plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved. . . . Accordingly, the trial court, in exercising its structured discretion, should place its thumb firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of CT Page 9977 the plaintiff's chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens motion.
(Citations omitted; internal quotation marks omitted.) Picketts,supra at 501-02. Under the doctrine of forum non conveniens, the court should balance the relevant private interests factors, such as determining the presence of an alternate forum, the location of the witnesses and documentary evidence, against the public interest factors in having the local or foreign forum adjudicate the dispute. Union Carbide v. Aetna Casualty Surety Co.,212 Conn. 311, 319, 562 A.2d 15 (1989). "The doctrine of forum non conveniens should only be invoked in exceptional circumstances that demonstrate both inconvenience and hardship." First Piedmontv. Travelers Insurance Co., 8 CSCR 373 (March 11, 1993 Wagner, J.), citing Sabino v. Ruffolo, supra, 19 Conn. App. 402 (1989) and, "[i]t is difficult to imagine after Picketts that the granting of a forum non conveniens motion would ever be sustained, particularly in the light of the Supreme Court's reference to `modern technological innovations' such as jet airplanes, satellites and video taped depositions," which weigh against inconvenience. Xerox Corp. v. Axel Johnson EnergyDevelopment, Inc., 8 Conn. L. Rptr. 551 (April 2, 1993, Lewis, J.).
The court finds that the defendant has not demonstrated that the present action in Connecticut would present a exceptional hardship and inconvenience. Some of the witnesses and documentary proof will be located in Connecticut because the plaintiff's employment was in Connecticut, and the action involves a claim for bonuses and commissions derived from the plaintiff's services, performed in Connecticut for the defendant's Connecticut business enterprises and in Vermont. The court also finds the defendant is still a Connecticut corporation, although it has wound up its Connecticut operations. "Where a corporation is actually carrying on business in the state and the plaintiffs make an offer of proof concerning the defendant's in-state activities which supports the allegations [of the complaint], the corporate connection with the state is more than tenuous, and weighs against dismissal." Picketts v. International Playtex,Inc., supra, 215 Conn. 502.
Therefore, the court will deny the defendant's motion to dismiss on this ground as well. CT Page 9978
The plaintiff also argues that the defendant has waived his right to be heard on the motion to dismiss because it simultaneously filed a motion to strike without court permission.
In Sabino v. Ruffolo, 19 Conn. App. 402, 404, 562 A.2d 1134
(1989) the court stated:
 [Practice Book 112] states that a motion to dismiss is to be filed before a motion to strike. . . . Thus, generally, pleadings are not to be filed out of the order specified in § 112, and the filing of a pleading listed later in the order set out by § 112 waives the right to be heard on a pleading that appears earlier on the list.
Under § 113, the trial court has discretion to overlook the simultaneous filing of motions to dismiss and strike and to consider the motion to dismiss. Sabino v. Ruffolo, supra,19 Conn. App. 404. This court also has the discretion to deny the motion to dismiss based on the defendant's failure to comply with Practice Book § 112. On these additional grounds the motion to dismiss is denied.
McDONALD, J.