[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 27, 1991, the Davis Street Bridge in Hamden, Connecticut, collapsed while under construction allegedly injuring Rodney Oppel, a construction worker on the project. Two lawsuits ensued from this incident. The sole plaintiff in both cases, Rodney Oppel, commenced the first action, Oppel v. Cardinal Engineering Association, Inc., (hereinafter "Cardinal case"), on February 23, 1993, against Cardinal Engineering (hereinafter "Cardinal"), the consulting engineer on the bridge project, and Joseph F. Kelly Company (hereinafter "Kelly"), the general contractor. The present case, Oppel v. Maguire Group Inc. a/k/a C.E. Maguire, Inc. and Yusef A. Gonenc (hereinafter "Maguire case"), was initiated on June 9, 1993, against Maguire Group, Inc. CT Page 9205 (hereinafter "Maguire"), formerly known as C.E. Maguire, Inc., the engineer working on the bridge and Gonenc, professional engineer and vice-president of Maguire. Both complaints sound in negligence and the facts alleged are materially identical. Amended complaints were filed by the plaintiff in both actions (April 27, 1993, in the Cardinal case; July 26, 1993, in the present case), but the nature of the complaints remained the same.
On July 22, 1993, defendant Kelly filed a Supplemental Motion to Cite-In Party Defendants in the Cardinal case, requesting that the court, pursuant to Connecticut General Statute 52-102, make Maguire, C.E. Maguire, Inc. and Yusef A. Gonenc defendants in the Cardinal case "so that a complete assessment of the percentage of responsibility of all parties to this action . . . can be made, pursuant to Connecticut General Statutes 52-572h." Judge Gordon granted this motion on July 26, 1993, and ordered defendant Kelly to serve the proposed defendants with a complaint in the Cardinal case setting forth a claim for liability. Judge Gordon also ordered that the two cases be consolidated for trial. Pursuant to Judge Gordon's order, defendant Kelly filed a second amended complaint setting forth allegations against Maguire, C.E. Maguire, Inc. and Gonenc. This complaint is materially identical to plaintiff's complaint and similarly sounds in negligence. Plaintiff never amended his complaint in the Cardinal case to state a cause of action against Maguire or Gonenc.
On August 27, 1993, defendant Maguire moved to dismiss the present action "insofar as it is duplicative of another action which has recently been consolidated." Maguire did not file a supporting memorandum of law with the motion to dismiss. Instead, Maguire attached plaintiff's amended complaint in the Maguire case, plaintiff's amended complaint in the Cardinal case, and defendant Kelly's second amended complaint in the Cardinal case. Plaintiff filed a memorandum in opposition to defendant's motion to dismiss on September 10, 1993. Plaintiff did not object to Maguire's failure to file a memorandum of law in support of his motion to dismiss. Noting that Maguire's motion to dismiss is predicated on the prior pending action doctrine, plaintiff argues that the two are not "virtually identical" in that in the Cardinal case Maguire has been summoned by a party defendant for the purposes of apportionment only, while in the present case plaintiff has brought an action seeking monetary damages. Plaintiff's Memorandum in Opposition, 6, p. 2.
A. CT Page 9206
The failure to file a memorandum of law in support of a motion to dismiss, as required by Practice Book 143 and 204, renders the motion to dismiss fatally defective.
Practice Book 143 states that a motion to dismiss "shall always be filed with a supporting memorandum of law . . . ." Practice Book 143. Practice Book 204 similarly requires that "[a] memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with [a] . . . motions to dismiss. . . ." Practice Book 204(b). These two sections dictate that the filing of a supporting memorandum of law with a motion to dismiss is mandatory, thus requiring a denial of an unaccompanied motion to dismiss.
 The use of the word `shall,' rather than `may,' in the phrase `shall be filed and served' [in Practice Book 204] indicated that this provision is mandatory, rather than permissive. The requirement of simultaneously filing and serving a supporting memorandum of law with the motion, therefore, is not merely directory, but must be followed where a seasonable objection to the failure of the movant to comply with the rule is raised by the opposing party. The trial court cannot waive this requirement over objection of the opposing party because the memorandum of law is directed to the opposing party as well as to the court.
(Citations omitted.) Executive Rental Leasing, Inc. v. Gershuny Agency, Inc., 36 Conn. Sup. 567, 568-69 (App. Sess. 1980) (failure to file a memorandum of law in support of a motion for summary judgment requires a denial of the motion). This reasoning was applied to the failure of a movant to timely file a memorandum of law in support of a motion to dismiss. Tan Bac, Inc. v. Kenworth Truck Company, 2 CSCR 277 (February 3, 1987, Noren, J.). The memorandum of law is intended to assist both the opposing party and the court in framing and identifying the pertinent legal issues. CT Page 9207
Plaintiff in the present case did not object to defendant Maguire's failure to submit a memorandum of law in support of the motion to dismiss. This is not dispositive of the issue, as the requirement is intended to assist both the opposing party and the court. The language of Practice Book 143 and 204 requires a denial of a motion to dismiss where a memorandum of law in support of the motion is not filed.
B.
Where a plaintiff has failed to amend his complaint to state a cause of action against a third party defendant, a separate prior action by the same plaintiff against the third party defendant cannot be dismissed on the doctrine of prior pending action as the two cases are not "virtually alike."
"The proper vehicle for dismissal of an action based on the prior pending action doctrine is the motion to dismiss. . . ." ATI Pharmaceuticals v. Lerner, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 280536 (August 1, 1991). "Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal." Gaudio v. Gaudio, 23 Conn. App. 287, 295, 580 A.2d 1212 (1990). "It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court." Solomon v. Aberman, 196 Conn. 359, 382, 493 A.2d 193
(1985). "It is so, because there cannot be any reason or necessity for bringing the second, and therefore, it must be oppressive and vexatious." Halpern v. Board of Education, 196 Conn. 647, 652-53,495 A.2d 264 (1985). "To warrant dismissal the second action must satisfy all four of the following criteria: (i) the two suits must be of the same character; (ii) they must be between the same parties; (iii) they must be brought for the same purpose; (iv) the suits must be pending in the same jurisdiction." Crestmont Federal Savings Loan Association v. Clock Tower Vista Associates,4 Conn. L. Rptr. 212, 213 (June 13, 1991, Lewis, J.).
"The mere fact that an action is pending between the parties which has, or may have, some relationship to a second action is not in itself grounds to abate the second action. The law is to some degree obscure and there is no clear, definite and workable rule to be applied generally." Cash v. Choice Design, Inc., Superior Court, judicial district of New Haven, Docket No. 336416 (October 16, 1992), quoting E. Stephenson, 1 Connecticut Civil Procedure 104(b). CT Page 9208 "The prior pending action doctrine has evolved as a `rule of justice and equity'; . . .; and retains its vitality in this state, in which `joinder of claims and of remedies is permissive rather than mandatory.'" Halpern v. Board of Education, supra 652, quoting Solomon v. Aberman, supra. "The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law." Halpern v. Board of Education, supra 652-53.
"In determining whether a motion to dismiss based on prior pending action should be granted, the court should consider the factual allegations, the underlying rights, the prayers for relief and the ultimate goal in all of the pending cases." Zanoni v. Della Ferra, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518091 (May 4, 1993). "To determine the applicability of the doctrine, we must examine the pleadings to ascertain whether the actions are virtually alike." Gaudio v. Gaudio, supra 295-96. A motion to dismiss based on a prior pending action may be entertained by the court even if the two actions have been consolidated. Merrill Lynch v. City of Waterbury, Judicial District of Waterbury, Docket No. 112366 (February 26, 1993).
The movant must sustain the burden of proving that a prior pending action exists which may be met by submitting affidavits or other evidence of the prior pending action. DeMartino v. DiSora, judicial district of Ansonia/Milford at Milford, Docket No. 030509 (November 27, 1990) (photocopy of a summons and complaint which bear no filing date nor docket number cannot, by itself, be viewed by the court as evidence of a prior pending action). However, even if the movant fails to submit the pleading of the prior suit, the court may take judicial notice of the contents of other files of the Superior Court. Pepe v. Pepe, 38 Conn. Sup. 730 (App. Sess. 1983).
The prior pending action doctrine does not apply to the present case for several reasons. This doctrine permits dismissal of a prior suit between the same parties. Plaintiff initiated a claim against Maguire and Gonenc on June 9, 1993, in the Maguire case. These defendants were not made parties to the Cardinal case until July 26, 1993. Thus, if either of these actions constitute a "second action amenable to dismissal by the court," it is the Cardinal case. Solomon v. Aberman, supra 382.
The two actions are not of the same character, specifically as they pertain to plaintiff's requests for relief. In the Maguire CT Page 9209 case, plaintiff states a cause of action and requests relief from Maguire and Gonenc directly. Maguire and Gonenc's status in the Cardinal case is quite different. The only complaint filed against Maguire and Gonenc in the Cardinal case is by defendant Kelly for purposes of apportionment. Plaintiff did not amend his complaint and serve and summon Maguire and Gonenc to appear as defendants in Cardinal action. Thus, the two actions are of quite a different character and are not brought to obtain the same end or object, as each action requests relief from a separate and distinct set of defendants.
The policy underlying the prior pending action doctrine supports the submission that the motion to dismiss be denied. "The policy behind the `prior pending action doctrine' is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." Beaudoin v. Town Oil Co., 207 Conn. 575,588, 542 A.2d 1124 (1988). The fact that the two actions have been consolidated for trial eliminates the concern of unnecessary litigation. Furthermore, plaintiff's initiation of either of these actions cannot be characterized as "oppressive or vexatious," as each defendant involved has been made a party to an action only once by the plaintiff. If the Maguire case were to be dismissed by the court, the plaintiff would no longer have a claim against Maguire or Gonenc. In conclusion, the defendant's motion to dismiss is denied.