[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Harbor Vista Associates Limited Partnership CT Page 1737 ("Harbor Vista") brings this action for entry and detainer against the defendant Yankee Management, Inc. ("Yankee") pursuant to General Statutes § 47a-43 et seq. Yankee has moved to dismiss the action on two grounds: First, Yankee contends that the court lacks jurisdiction over the subject matter because this action is a "housing matter" and therefore within the exclusive subject matter jurisdiction of the housing session unless and until it is transferred to the regular docket. Second, Yankee claims that this action should be dismissed pursuant to the prior pending action doctrine.
This action arises out of a complex commercial financing transaction, the complete and detailed facts of which are unnecessary, for present purposes, to recite. Although, as yet, neither party has presented evidence as to the facts of this matter, based on the representations of counsel, they may be summarized as follows: The transaction involved a complex of five office buildings known as Harbor Plaza in the City of Stamford ("the Development"). Virtually all of the space is currently rented. Harbor Plaza Associates, a Connecticut limited partnership ("Harbor Plaza"), began construction of the Development in the early 1980's. As construction neared completion, it became apparent that Harbor Plaza would be unable to obtain a permanent mortgage in an amount equal to that of the construction mortgage. Harbor Plaza had obtained permanent financing from Aetna in the amount of $60 million, but the construction mortgage totaled approximately $90 million. Harbor Plaza therefore obtained the additional $30 million from Integrated Resources, a national real estate syndicator, which syndicated the tax benefits incident to investing in the Development.
In order for Integrated Resources to qualify for those tax benefits, the $30 million transaction could not be structured as a loan; the Internal Revenue Code required that Integrated Resources own the Development. Integrated Resources therefore created Harbor Vista, to which Harbor Plaza leased the land and sold the buildings constituting the Development. Harbor Plaza then received the $30 million "gap filler" in the form of a cash portion note and, in addition, took back a purchase money mortgage on the buildings in the amount of $105 million. The stated purchase price was apparently inflated by agreement of the parties.
In light of the circumstances and purpose of the sale, Harbor Plaza desired to retain control of the Development. Consequently, Harbor Plaza formed Yankee to manage the Development. Yankee's sole shareholders are the two general partners of Harbor Plaza, Arthur Collins and Arthur Emil. Simultaneously with the transfer of the CT Page 1738 development, Harbor Vista and Yankee entered into a management contract pursuant to which Yankee would take possession of and manage the Development.
Eventually, apparently two central disputes ensued. First, Harbor Plaza claimed that Harbor Vista was in default under the $105 million mortgage. This led to an action brought by Harbor Vista against Harbor Plaza seeking a declaratory judgment that it is not in default, and a foreclosure action brought by Harbor Plaza against Harbor Vista. Second, Harbor Vista claimed that Yankee was in breach of its management contract for failing to fund a reserve account intended to cover the costs of "fit-ups" for new tenants. Based on this purported breach, Harbor Vista terminated Yankee's contract and directed Yankee to turn over control of the books and premises. This led to the present action for entry and detainer, as well as an action seeking damages, a declaratory judgment and injunctive relief brought by Harbor Vista against Yankee and Arthur Collins and Arthur Emil personally (Collins and Emil apparently personally guaranteed the funding of the reserve).
 I
Pursuant to Practice Book § 143(1), Yankee has moved to dismiss the present action on the grounds that the court lacks jurisdiction over the subject matter. Subject matter jurisdiction "relates to the court's competency to exercise power. " (Citations omitted.) Vincenzo v. Warden, 26 Conn. App. 132, 135 (1991). "Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong. . . . A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy."Vincenzo, supra, 134-135, citing Gurliacci v. Mayer, 218 Conn. 531, 542
(1991); LeConche v. Elligers, 215 Conn. 701, 709 (1990); Castro v.Viera, 207 Conn. 420, 427 (1988); Shea v. First Federal Savings LoanAssn. of New Haven, 184 Conn. 285, 288 (1981).
Yankee contends that this court does not have authority to hear the present action because an action for entry and detainer is a "housing matter" under General Statutes § 47a-68(d) and is therefore "a matter exclusively within the subject matter jurisdiction of the housing court" pursuant to General Statutes § 47a-70.[1]
In opposition, Harbor Vista cites to Savage v. Aronson, 214 Conn. 256,262-263 (1990), in which our Supreme Court held that "housing court" is not a separate jurisdictional entity, and that which division of CT Page 1739 the Superior Court decides a particular matter is a question of venue, not subject matter jurisdiction.
In Savage, the plaintiffs were recipients of Aid to Families with Dependent Children who sued to enjoin the Commissioner of Income Maintenance from reducing the number of days emergency housing assistance would be available to AFDC recipients. The action was commenced and decided in the housing session of the Superior Court for the judicial district of New Haven. The plaintiffs prevailed and, on appeal, the defendant argued that the trial court lacked subject matter jurisdiction because the case did not constitute a housing matter as defined by General Statutes § 47a-68.
The Supreme Court held that the statute creating a housing division within the Superior Court did not create a "special jurisdictional entity." Housing matters, the court said, are within the general jurisdiction of the Superior Court, as are all of the matters in the other divisions of the court, such as family, juvenile, and small claims matters. "The evident purpose of the statutes and rules relating to the divisions of the Superior Court," the court said, "was not to impose any jurisdictional limitation on judges but to achieve greater efficiency in the administration of the judicial department." Savage v. Aronson, supra, 214 Conn. 262. "A judge of the Superior Court assigned to hear housing matters does not lose his general authority to hear any cause of action pending in that court." Id., 263. Therefore, the court held, even conceding that the action was not a housing matter, the housing session did not lack subject matter jurisdiction. Under Savage, Yankee's claim that this case is a housing matter "is essentially an objection to venue rather than jurisdiction, because it does not implicate the authority of the Superior Court to entertain the case but involves only the question of whether one division of that court rather than another should properly have heard the case." Id.
Yankee argues that Savage establishes only that General Statutes § 47a-70 does not preclude a housing judge from hearing other matters beyond those specifically enumerated in § 47a-68. Based on the Supreme Court's reasoning, however, and the general principles upon which the court based this conclusion, this court finds that Savage
necessarily establishes the corollary: that a Superior Court judge in the civil or any other division has the authority to hear a housing matter. Accord, Corelli v. Evi, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, docket no. CV94-0138583 (November 4, 1994). CT Page 1740
The foregoing conclusion is supported by the pertinent provisions of the General Statutes. Section 51-164s, for example, provides that "[t]he superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute." (Emphasis added.) As it did for probate matters, the legislature could have excepted housing matters from the Superior Court's jurisdiction. The fact that it has not indicates that the legislature intends housing matters to remain within the general jurisdiction of the Superior Court. The absence of such an exception further indicates that the housing session is not a jurisdictional entity, but merely an administrative division within the general jurisdiction established by § 52-164s. See also Practice Book § 4.
Section 47a-70(a) creates a housing "docket"; the legislature's use of the word "docket" does not evince an intent to create a separate court with exclusive subject matter jurisdiction. Rather, "docket" suggests an administrative segregation, for efficiency's sake, of cases within the Superior Court's jurisdiction. Similarly, § 51-165 refers to judges "assigned to hear" housing matters. This language does not describe a judge of an independent court with exclusive jurisdiction; rather, it indicates that what is familiarly referred to as housing "court" is actually an administrative assignment within the Superior Court not implicating jurisdiction.
Also, section 47a-70(b) contemplates that while a matter is pending on the housing docket, a different housing matter between the same parties might be pending on "some other docket." Had the legislature intended the housing session to have exclusive subject matter jurisdiction, it would have made the transfer of such matters to the housing docket mandatory. Instead, transferring such a matter is within the court's discretion upon a party's motion. See supra, p. 4 n1.
Furthermore, under § 47a-70, not every judicial district has a housing division of the Superior Court.[2] In those districts which do not, landlord and tenant matters are part of the civil division. Practice Book § 4; see also Practice Book § 5A. This situation further indicates that the housing session is merely an administrative segregation of cases within the jurisdiction of the Superior Court.
Finally, § 47a-70 authorizes the judge assigned to hear housing matters to transfer such matters to the regular docket. It would be unreasonable to read this provision to mean that the CT Page 1741 housing judge "confers" subject matter jurisdiction on the civil or another division of the Superior Court by transferring a housing matter. Rather, the court finds that this provision merely acknowledges the general jurisdiction of any Superior Court judge over housing matters.
In summary, nothing in Title 47a or elsewhere in the General Statutes concerning the housing session indicates the legislature's intention to create a new court with exclusive jurisdiction, or to limit the authority of any judge of the Superior Court regarding housing matters. In fact, all pertinent authority establishes the contrary. While the legislature has made certain administrative provisions for housing matters, it clearly has not removed them from the general subject matter jurisdiction of the Superior Court. Any judge of the Superior Court has authority to hear, decide and otherwise exercise power over housing matters. This court therefore has jurisdiction over the subject matter of the present action.
 II
Yankee also contends that the present action should be dismissed because it is barred by the prior pending action doctrine.[3] The prior pending action on which Yankee relies is the foreclosure action brought by Harbor Plaza against Harbor Vista (CV95-0142917S), which was in fact pending when Harbor Vista commenced the present action.[4]
It is well-established that "where two lawsuits are virtually alike the second action is amenable to dismissal." Halpern v. Board ofEducation, 196 Conn. 647, 652-655 (1985); Henry F. Raab Connecticut Inc.v. J. W. Fisher Co., 183 Conn. 108, 112 (1981); Hatch v. Spofford,22 Conn. 485, 494-496 (1853). The purpose of the prior pending action doctrine is to prevent oppressive, vexatious and harassing litigation.Halpern v. Board of Education, supra, 652; Beaudoin v. Town Oil Co.,207 Conn. 575, 588 (1988). Therefore, "[t]he mere fact that an action is pending between the parties which has or may have some relationship to a second action is not in itself grounds to abate the second action." Cash v. Choice Design, Inc., 7 Conn. L. Rptr. 488, 489 (1992) quoting E. Stephenson, 1 Connecticut Civil Procedure § 104(b). The second action must be so fundamentally similar and duplicative that there is in fact no reason or necessity for bringing it, and it is therefore presumed oppressive or vexatious. Halpern v. Board ofEducation, supra; Northern Homes Distributors, Inc. v. Grosch,22 Conn. App. 93, 95 (1990).
The trial court has broad discretion in applying the prior pending action doctrine. The rule is one of "justice and equity" CT Page 1742 and "not . . . one of unbending rigor, nor of universal application, nor a principle of absolute law." Halpern v. Board of Education, supra, 652, 653; Lebanon Planning and Zoning Comm'n v. Campanelli,9 Conn. App. 534, 537-538 (1987). The law regarding when an action should be dismissed under the doctrine "is to some degree obscure and there is no clear, definite and workable rule to be applied generally." Oppel v. Maguire Group, Inc., 8 CSCR 1216, 1217 (1993) quoting E. Stephenson, 1 Connecticut Civil Procedure § 104(b); see also Cash v. Choice Design, Inc., supra, 7 Conn. L. Rptr. 489. However, the Supreme and Appellate Courts have upheld dismissal where the two actions in question are between the same parties; are pending in the same jurisdiction; and, upon examination of the pleadings, seek to adjudicate the same underlying rights based on the same factual allegations. Halpern v. Board of Education, supra;Northern Homes Distributors, Inc. v. Grosch, supra.
Here, both of the actions in question are pending in Connecticut in the Superior Court for the judicial district of Stamford-Norwalk and, thus, there is no question that the actions are pending in the same jurisdiction.
There is a substantial question, however, as to whether the two actions in question involve the same parties. The case law on this point appears somewhat conflicting. Our courts have held, for example, that there must be a "strict identity of parties" for the doctrine to apply (see, e.g., Conti v. Murphy, 23 Conn. App. 174, 179 (1990)) but have also held that there need not be "complete identity" (Cashv. Choice Design, Inc., supra, 7 Conn. L. Rptr. 489) and that "superficial differences" in parties will not bar the doctrine's application. See, e.g., Gaudio v. Gaudio, 23 Conn. App. 287, 296
(1990). Despite this apparent conflict, the courts have consistently used the same test to determine whether an action is between the same parties for purposes of the prior pending action doctrine: As between the two actions in question, there must at least be two common opposing parties, one of which is asserting the same theory of liability against the other based on the same underlying facts. See, e.g., Zachs v. PublicUtilities Comm'n, 171 Conn. 387, 392 (1976); Cole v. AssociatedConstruction Co., 141 Conn. 49, 54-55 (1954); Gaudio v. Gaudio, supra, 23 Conn. App. 296; Cash v. Choice Design, Inc., supra,7 Conn. L. Rptr. 489; New Haven Savings Bank v. William LitwinEnterprises, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 059218 (August 24, 1992).
Such is not the situation here. The two actions here in question involve only one common party: Harbor Vista. Harbor Vista's opponent CT Page 1743 in each action is different: Harbor Plaza in the foreclosure action and Yankee in the present action. Harbor Vista, Harbor Plaza and Yankee are not parties to the same action. Further, the only common party, Harbor Vista, is a defendant in the foreclosure action but is the plaintiff here. Consequently, in these two actions, there is not a common theory of liability asserted against Harbor Vista based on the same facts.
This leads to another significant difference between the two actions in question, that between the purported rights and factual allegations underlying each of them. While both actions arise based on the same transaction, the rights and liabilities asserted in each action arise based on different documents. Harbor Plaza's foreclosure action is based on the mortgage, while the present action is predicated on the management contract. Thus, in each action, Harbor Vista and Harbor Plaza seek to have different rights adjudicated. Consequently, the factual allegations in each action are also different. The facts Harbor Plaza has alleged in the foreclosure action concern its rights, and Harbor Vista's conduct and purported default (nonpayment), under the mortgage. The facts Harbor Vista has alleged here concern its rights under, and Yankee's conduct under and alleged breaches of, the management contract. Further, there does not appear to be a relationship between these two documents or each party's alleged conduct thereunder such that both parties' claims could be adjudicated in the foreclosure action. Harbor Vista, therefore, cannot have the rights it asserts here determined "as effectually and properly" in the foreclosure action. BCBS GoshenRealty, Inc. v. Goshen Planning and Zoning Comm'n, 22 Conn. App. 407,408 (1990).
In summary, the present action does not duplicate the allegations made, the rights asserted or the issues raised in the foreclosure action. Nor are the parties to these actions the same. These actions are not "virtually alike" and the present action, therefore, is not subject to dismissal under the prior pending action doctrine.
The court is aware that there is some degree of overlapping between the two actions here in question, and the two other actions arising out of the parties' dealings. As a practical matter, developments in one of these cases may affect another, and the court may need to bear in mind these parties' other pending actions as it acts in any one of them. Such overlapping, however, does not warrant dismissal of the present action. Solomon v. Aberman, 196 Conn. 359, 385
(1982); Oppel v. Maguire Group, Inc., supra, 8 CSCR 1217; Cash v.CT Page 1744Choice Design, Inc., supra, 7 Conn. L. Rptr 489.
For all of the foregoing reasons, the defendant's motion to dismiss is DENIED.
D'ANDREA, J.