[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
David C. Flatau, Inc. ("Flatau") filed a four count complaint on June 6, 1996, against Judd Construction, Inc. ("Judd") and Lydia Morosky ("Morosky"). It alleges negligence on the part of both of the defendants in transporting its John Deere excavator from West Haven, Connecticut to New Milford, Connecticut. It asserts that this negligence caused the excavator to strike a bridge abutment on Interstate 95, resulting in both property damage and rental expenses to the plaintiff. On August 9, 1996, the defendants filed a motion to dismiss the plaintiff's complaint citing the prior pending action rule as the ground for dismissal. The prior action at issue was commenced in Hartford against the same defendants by the company that insured the plaintiff's John Deere excavator, Peerless Insurance Co. ("Peerless").
Under the prior pending action doctrine, the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal. When two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious. To determine the applicability of the doctrine, we must examine the pleadings to ascertain whether the actions are virtually alike. Superficial differences in the parties are not enough to overcome dismissal under the prior pending action doctrine. The difference in the relief requested in the two actions is not dispositive. The fact that different relief is sought does not prevent dismissal of a second action adjudicating the same underlying rights. The prior pending action doctrine, however, has evolved as a rule of justice and equity and not as a principle of absolute law. (Citations omitted.) Gaudio v. Gaudio, 23 Conn. App. 287, 295-97,580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990), citing Halpern v. Board of Education, 196 Conn. 647.
The defendants claim that, for purposes of the prior pending action rule, the plaintiff in the current case is the same party as the plaintiff insurance company in the first action. The CT Page 7467 defendants base this claim on the doctrine of equitable subrogation which allows the insurer to stand in the shoes of the insured in order to have standing to sue. See Westchester FireIns. Co. v. Allstate Ins. Co., 236 Conn. 362, 371. The defendants contend, in their memorandum of law in support of the motion to dismiss, that a comparison of the pleadings from both actions reveals identical claims of negligence and identical prayers for relief.
The plaintiff argues that, in the present case, its prayer for relief differs significantly from that being sought in the prior action. It does admit, however, in its complaint, that it has been paid $61,200 from Peerless and seeks only to obtain damages in excess of $61,200 for property damages and rental expenses. The plaintiff recites, in its memorandum of law in opposition to the motion to dismiss, that it is not the same party as Peerless and therefore cannot be considered the same party.
The defendants are correct in their assertion that both the plaintiff in the present action and the plaintiff in the prior pending action should be considered the same party for the purposes of the prior pending action rule. See Allstate Insurancev. Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 93 0132329 (November 23, 1993, Lewis, J.). However, even though both actions arose out of the same occurrence and both seek monetary damages, the prayers for relief are diverse enough to warrant a denial of the motion to dismiss. The plaintiff in the present action is seeking damages over and above the $61,200 obtained from Peerless. The plaintiff's complaint claims these damages for "property damage and rental expenses." The prior action, however, is limited to recovery of the $61,200 paid by Peerless to Flatau.
Although there is case law that states "`[t]he fact that different relief is sought does not prevent [dismissal] of a second action adjudicating the same underlying rights,'" the relief sought in those cases had similarities absent from the present cases. Gaudio v. Gaudio, supra, quoting Halpern v. Boardof Education, supra. In Halpern, supra, the relief sought in the prior pending action was a reversal of the Board of Education's decision to terminate the plaintiff, a declaration that the Board's action was invalid, and an order to remand the matter back to the Board to determine the benefits and back wages owed to the plaintiff. The relief sought in the second case was a writ CT Page 7468 of mandamus and a declaratory judgment to reinstate the plaintiff to her former position or a new hearing by the Board. Nevertheless, while the labels on the relief sought in each case differed, the `goal' the relief sought was the same. Both cases were instituted in order to give the plaintiff the benefits of her old job. The granting of the relief sought in either Halpern
case would obviate the need for the relief desired in the other.
In Gaudio v. Gaudio, supra, the relief sought in the prior case included a decree setting aside a fraudulent stock conveyance, a judgment that the stock belongs to the plaintiff, and an injunction to enjoin the corporation from wasting corporate assets. The relief sought in the second case was, inter alia, a judgment that the plaintiff is the true owner of the stock and an order that the defendant must transfer the stock to the plaintiff. The granting of either form of relief would have the effect of making the plaintiff the legal owner of the stock in question.
This court concludes that the rule from these two cases, that different relief requested is not dispositive in applying the prior pending action rule, referred only to non-monetary relief which, although under different legal guises, would have the same real world effects. In these cases sub judice, the prayers for relief are diverse enough to warrant a denial of the motion to dismiss, even though both cases seek monetary damages.
"The prior pending action doctrine, however, has evolved as a rule of justice and equity and not as a principle of absolute law." Gaudio v. Gaudio, supra. It would be unjust and inequitable to consider all monetary relief to be the `same relief' for purposes of the prior pending action rule. When analyzing the prayers for relief in two complaints, for the purpose of applying the prior pending action rule, the court must compare "the `ends or objects' of these two actions." Halpern v. Board of Education,
supra, 653. The `ends' the plaintiff seeks in the present case are consequential damages which are over, above and exclusive of the purely compensatory damages being sought in the prior action. Therefore, the same underlying rights, which the plaintiff asserted in the second cause of action would not be adjudicated and necessarily determined in the prior pending action.
The defendants' motion to dismiss is, accordingly, denied.
Moraghan, J. CT Page 7469