[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 24, 1997
The Midstates Resources Corporation (hereinafter "Midstates") initiated two actions in the Judicial District of Danbury against Stuart Herman, and Stuart and Barbara Herman, jointly. The first of those two actions ("debt actions") was commenced to collect on outstanding amounts alleged to be owed by the defendants to Midstates pursuant to certain notes which were secured by collateral under the terms of security agreements. The second (Docket Nos. 325151 and 325152) was instituted by Midstates on a replevin theory to recover the property securing the various notes and include applications for prejudgment remedy.
The defendants have moved to dismiss the actions and argue for such dismissal because (1) the writs and complaints are unsigned; (2) the debt actions encompass the same issues and thus are prior pending actions: and (3) by filing the debt actions, the plaintiff elected its remedies and may not now sue in replevin.
The prior pending action doctrine is the only proper ground for the defendants' motion to dismiss. This, the replevin action, includes an application for prejudgment remedy. In it. Midstates was required to include an unsigned writ and complaint. See Sec.52-516 (b) of the General Statutes. It should be remembered that the election of remedies is not properly raised by a motion to dismiss, but rather by a special defense. See Grant v. Bassmann221 Conn. 465, 473 (1992).
The defendants' remaining ground for dismissal is the existence of a prior pending action. That rule recites that when two separate lawsuits are virtually alike, the second action is amenable to dismissal by the court. Halpern v. Board ofEducation, 196 Conn. 647, 652 (1985). "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or CT Page 2629 necessity for bringing the second, and, therefore, it must be oppressive and vexatious." (Internal quotation marks omitted.)Id., 652.
In the instant proceeding, Midstates seeks recovery of chattel in satisfaction of a debt allegedly owing on loans made to the defendants. In the debt actions, Midstates seeks a money judgment against the defendants for amounts claimed to be owed under the same loans. In both actions, the underlying issues are whether the defendants defaulted on the notes, whether Midstates is entitled to collect under those notes, and, if so, the extent of recovery to which Midstates is entitled. Although the actions seek different types of remedies (chattel in the present set as opposed to money judgments in the debt actions), "the fact that different relief is sought does not prevent [dismissal] of a second action adjudicating the same underlying rights." (Citation omitted; emphasis in original; internal quotation marks omitted.)Gaudio v. Gaudio, 23 Conn. App. 287, 296 (1990). Because the underlying issues in the two sets of suits are identical, the present set of actions attempt to adjudicate the same underlying rights as exist in the debt actions. As such, the prior pending action doctrine applies, and the defendants' motion to dismiss is, accordingly, granted.
MORAGHAN, J.