[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
On September 21, 1992 the court heard argument in this matter in regard to defendant Polymer Resources, Ltd.'s (Polymer) motion to dismiss. On September 28, 1992 the court received a copy of Polymer's supplemental memorandum. Since that time the court was advised, through its clerk, that serious settlement negotiations were proceeding. This court stayed its action at that time. The court has now been advised that settlement negotiations have broken down.
Facts
Polymer brought an action in the Stamford/Norwalk Judicial District on August 10, 1992 seeking the following relief:
1. A temporary and permanent injunction enjoining Keeney from prohibiting or limiting Polymer's operation at the Facility under Order #1270.
2. A temporary and permanent injunction enjoining Keeney from prohibiting or limiting Polymer's operation at the Facility under the terms of the final decision of Administrative Hearing Officer Lewis J. Miller dated May 1, 1992. CT Page 10093
3. A temporary and permanent injunction enjoining Keeney from prohibiting or limiting Polymer's operation at the Facility under the terms and conditions of Keeney's May 14, 1992 letter to Polymer.
4. A temporary and permanent injunction enjoining Keeney from prohibiting or limiting Polymer's operation at the Facility under the terms and conditions of Keeney's June 25, 1992 letter to Polymer.
5. A temporary and permanent injunction enjoining Keeney from prohibiting or limiting Polymer's operation at the Facility under the terms and conditions of Keeney's July 2, 1992 letter to Polymer.
6. A temporary and permanent injunction restraining Keeney from compelling Polymer to perform pre-control testing at the Facility.
7. Attorney's fees.
Plaintiff brought this action August 12, 1992 seeking the following relief:
1. That the Defendant Polymer be temporarily enjoined from violating Cease and Desist Order No. 1270.
2. That the Defendant Polymer be temporarily enjoined to comply with Cease and Desist Order No. 1270.
3. That the Defendant Polymer be temporarily enjoined from conducting any plastic or polymer manufacturing processes except in full compliance with Cease and Desist Order No. 1270 and all approvals, modifications, and disapprovals issued by the Commissioner under that Order.
4. That the Defendant Polymer be permanently enjoined from violating Cease and Desist Order No. 1270.
5. That the Defendant Polymer be permanently enjoined to comply with Cease and Desist Order No. 1270.
6. That the Defendant Polymer be permanently enjoined from conducting any plastic or polymer manufacturing processes CT Page 10094 except in full compliance with Cease and Desist Order No. 1270 and all approvals, modifications, and disapprovals issued by the Commissioner under that Order.
The Stamford/Norwalk action was brought before this action, i.e. it is a prior action.
Defendant's motion to dismiss is based on the "prior pending action" doctrine. "We have explicated the prior pending action doctrine as follows: "`"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious." This is "a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction" Halpern v. Board of Education, 196 Conn. 647, 652-653.
"[I]t is necessary in this case to analyze the prayers for relief in these two complaints in order to ascertain the `ends or objects' of these two actions." Id 653.
The fact that Polymer is a plaintiff in the Stamford/Norwalk action and a defendant here is of no moment. Both actions seek a decision based on the Cease and Desist Order No. 1270. The obverse and reverse of the medal are sought but the results will be the same. Either the commissioner will be allowed to enforce Order No. 1270 as he interprets it or the commissioner will not be allowed to enforce it as he interprets it. All that may be done in the present pending action in Stamford/Norwalk.
Motion granted.
O'Neill, J.