[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Having heard the plaintiff's Motion for Reargument and Reconsideration of the court's ruling of October 25, 1993 with respect to the plaintiff's Motion for Summary Judgment, the motion is hereby granted and the proceedings of October 25, 1993, are hereby vacated.
The court has reviewed all memoranda of law, affidavits, counter affidavits and other sworn documentary proof filed by the parties in connection with the Motion for Summary Judgment.
The issue here is whether there is a genuine issue as to any material fact with respect to the plaintiff's complaint for attorney's fees. P.B. 384. The court finds that definite and genuine issues of material facts exist with respect to the following.
(1) The authority of William Kann's attorney to enter into the retainer agreement attached to the plaintiff's affidavit. The defendant, who is Mr. Kann's present conservator, stands in the shoes of his ward. In such capacity he disavows the agreement which forms the principal basis of the plaintiff's claim on the grounds that the attorney who purported to execute the agreement one behalf of William Kann had no authority to do so.
(2) Exhibit E attached to the defendant's affidavit dated January 18, 1994, is a copy of an order of the New York Supreme Court dated September 22, 1993, wherein that court characterized CT Page 1448 the litigation instituted by the plaintiff which is the basis for the fees claimed in this proceeding, as "wasteful, frivolous and dilatory". That court also found that the litigation instituted by, this plaintiff on behalf of William Kann's former conservator, Arthur Lipper, III, did not benefit Mr. Kann and constituted a drain on his assets. Thus, the value of the legal services even if performed as confirmed by Mr. Lipper's affidavit of April 19, 1993, are clearly in dispute.
(3) The DeCew affidavit asserts payment on account of $42,166.18 rather than $30,000. Again, assuming that the legal services were actually performed and that they were reasonably worth the amount claimed, the balance claimed to be due is obviously material and is genuinely an issue.
Contrary to the plaintiff's contention neither Judge Lewis's decision of October 4, 1993 nor Judge Karazin's decision of October 12, 1993 had anything to do with the issue of the authority for the retainer agreement. On October 4, 1993, Judge Lewis granted (by agreement) the Motion to Strike of September 8. The special defense of prior pending action was unrelated to the question of the authority for the retainer agreement. On October 12, 1993, Judge Karazin's denial of the Motion to Stay simply applied the Supreme Court's ruling in Halpern v. The Board of Education, 196 Conn. 647 (1985) insofar as is related to the doctrine of prior pending action. Likewise, this decision has nothing to do with the question of "authority".
For the foregoing reasons the Motion for Summary Judgment is denied.
MOTTOLESE, J.