[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant has moved to dismiss this action based upon there being a prior pending action in the United States District Court for the District of Connecticut and based upon its claim that the, plaintiff's claims are barred by the statute of limitations.
Defendant cites Halpern v. Board of Education, 196 Conn. 647,652 (1985) in support of its claim under the prior pending action CT Page 1507-Y doctrine. However, Halpern also states that the doctrine is applicable where there is "no reason or necessity for bringing the second (action) and, therefore, it must be oppressive and vexatious." Further "the prior pending action doctrine, however, has evolved as a rule of justice and equity and not as a principle of absolute law." Gaudio v. Gaudio, 23 Conn. App. 287, 297 (1990). Based upon the documents submitted by the plaintiff, defendant's claim against the plaintiff in the U.S. District Court action was discharged in bankruptcy on August 29, 1994. Under these circumstances, the U.S. District Court case can hardly qualify as a prior pending action.
A motion to dismiss is not the proper procedure to plead the statute of limitations. It must be pleaded as a special defense. Connecticut Practice Book § 164. This is particularly so when, as here, there is a factual dispute as to when the statute of limitations began to run.
Accordingly, the motion to dismiss is denied.
Rittenband, J. CT Page 1507-Z