[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The matter before the court is a motion to dismiss a summary process action. The motion was filed by the defendant Luis Cruz (the "defendant").
The motion asserts that a summons and complaint, returnable to court on March 9, 1995, were served on the defendant but never returned to court (the "first complaint"). The motion also asserts that the first complaint is identical to the complaint in this case, except for the return date, and that the first complaint, even though it has not been returned to court, constitutes a prior pending action which subjects this case to dismissal. CT Page 3434
In Halpern v. Board of Education, 196 Conn. 647 (1985), our Supreme Court approved the granting of a motion to dismiss where the prior pending action rule applied. Accordingly, the defendant's motion is a proper vehicle by which to raise a prior pending action issue.
I In Halpern, the court explained the rationale and application of the prior pending action rule, as follows:
 The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. Id., 652. (Citations omitted.)
In support of his motion, the defendant argues that late return of process does not render an action void, but merely voidable. Extending that rule, the defendant impliedly argues that the plaintiff can still, at this time, return the first complaint, and because the defendant might not then move to dismiss the first complaint on the ground of late filing, the first complaint must be considered "fileable." Because, in a theoretical sense, the first complaint is still "fileable", the defendant argues that the first complaint is now pending, and therefore constitutes a prior pending action.
The defendant's argument ignores the Halpern rationale for the rule; that is, only if the plaintiff can achieve its desired objective through the first lawsuit does the second lawsuit become redundant, and, therefore, "oppressive and vexatious." Accordingly, the defendant must establish that the plaintiff can achieve its desired objective through the first complaint in order to prevail on its motion to dismiss. Since the first complaint is not before the court, the first complaint is not a vehicle through which the court can grant to the plaintiff its desired objective (possession of the premises in dispute). Accordingly, this case is not redundant to the first complaint.
This analysis has strong appeal on a practical basis. A objective through the first lawsuit does the second lawsuit become redundant, and, therefore, "oppressive and vexatious." CT Page 3435 Accordingly, the defendant must establish that the plaintiff can achieve its desired objective through the first complaint in order to prevail on its motion to dismiss. Since the first complaint is not before the court, the first complaint is not a vehicle through which the court can grant to the plaintiff its desired objective (possession of the premises in dispute). Accordingly, this case is not redundant to the first complaint.
This analysis has strong appeal on a practical basis. plaintiff might not return a summons and complaint for any number of proper reasons; for example, a sheriff's failure to make proper, timely service on all parties. Certainly, a sheriff's failure to make proper, timely service, as a result of which a summons and complaint are not returned to court, should not preclude one from having a subsequent complaint alleging the same cause of action brought to, and heard by, a court. On the other hand, if a plaintiff fails to return a summons and complaint simply to vex or oppress another party, our tort law provides avenues of redress.
It is held that the "pendency" referenced in Halpern, Id., speaks to a real case, actually lodged in the files of a court, as the thing which make a subsequent case redundant and therefore "oppressive and vexatious".
It is found that the first case is not pending in any court, so that the prior pending action rule cannot be invoked in this case.
The motion to dismiss is denied.
George Levine, Judge