[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION TO OPEN AND SET ASIDE JUDGMENT
The present action arises out of a dissolution of marriage proceeding which was instituted by the plaintiff in June, 1989. The court (Bassick, J.), by Memorandum of Decision dated March 11, 1992, entered judgment in favor of the plaintiff. The parties' trial consumed thirteen trial days beginning in August, 1991 and continuing until November, 1991, with approximately 125 exhibits. There were 76 docket entries and 19 pendente lite court appearances before six different judges. Thereafter, the defendant filed an appeal with the appellate court. On August 18, 1993, the appellate court affirmed the lower court's decision. See Cook v. Bieluch, 32 Conn. App. 537, 629 A.2d 1175 (1993).
After the defendant's motion for reargument was denied by the appellate court, on September 15, 1993, eighteen months after trial, the defendant filed a petition to the Connecticut Supreme Court for permission to appeal. That petition was denied by the Supreme Court on November 16, 1993, about twenty months after the original judgment was entered. See Cook v. Bieluch,228 Conn. 910, ___ A.2d ___ (1993).
The defendant, by way of the instant motion to reopen and set aside the judgment, seeks to open the judgment claiming that he has discovered new evidence which would overturn the trial court's decision. In support of his motion, the defendant argues that the court has continuing jurisdiction because the judgment was obtained by fraud, allegedly committed by one of the plaintiff's witnesses, and a judgment obtained by fraud can be attacked at any time. The defendant also argues that his motion is timely because it was filed within four months after the Supreme Court denied his petition for certification.
In response, the plaintiff argues that the defendant's motion dated April 22, 1994 is untimely because it was filed more than twenty-five months after the trial court rendered its judgment. The plaintiff further argues that the defendant has a separate action now pending in the Superior Court at Stamford dated April 2, 1994 and returnable April 19, 1994, seeking the same relief. CT Page 9722
The issue is whether this court has jurisdiction to reopen a judgment which was entered March 11, 1992. The court finds the defendant's motion dated April 22, 1994, was filed approximately twenty-five months after the original judgment was entered, eighteen months after the Appellate Court denied the defendant's motion to reargue and six months after the Supreme Court denied his petition for permission to appeal. General Statutes § 52-212a provides in pertinent part that:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months following the date on which it was rendered or passed.
[Emphasis added.]
The same four month period to reopen a judgment is found in Section 326 of the Practice Book. The court does not have jurisdiction to entertain this motion to reopen or set aside a judgment which was not filed within the four month period.
The defendant has not submitted any evidence or affidavits in support his motion to reopen or that the expert witness he now intends to call will be able to prove that a signature on a quitclaim deed was false. There is no evidence submitted or affidavits that a fraud was perpetrated on the trial court. The issue of fraudulent conveyance was litigated at length during the trial. The defendant seeks to retry the case about twenty-five months after judgment was entered. Therefore, the defendant's motion dated April 22, 1994 to reopen the judgment of March 11, 1992 (Bassick, J.) is dismissed.
The defendant herein has also instituted a separate action in the Stamford Superior Court by which he seeks the same relief which is sought in his motion to reopen and set aside judgment. The action was dated April 2, 1994 and was made returnable on April 19, 1994. The defendant's motion to reopen the judgment in this case is dated April 22, 1994.
Generally, the pendency of a prior suit between the same parties for the same thing will abate a later suit.
Under the prior pending action doctrine, the CT Page 9723 pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal.Halpern v. Board of Education, 196 Conn. 647, 652. [Citations omitted.] When two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious. Halpern v. Board of Education, supra.
When the parties are identical and the purposes of the two actions are the same, the second proceeding is amenable to a motion to dismiss. Gaudio v. Gaudio, 23 Conn. App. 287. The parties to the present action are identical to the parties in the prior action. Therefore, the plaintiff may file a motion to dismiss the action now pending in Stamford Superior Court.
ROMEO G. PETRONI, JUDGE