[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
The defendant moves to dismiss this action under the prior pending action doctrine and for noncompliance with General Statutes § 46b-160. In this action, the plaintiff seeks custody and child support for minor children she alleges born to CT Page 2128 her and the defendant.
At oral argument of this motion, plaintiff's counsel represented to the court that the plaintiff had withdrawn the prior action entitled Mase v. Marinnuzzi, Docket No. FA96-025581S. Based upon that representation and the fact that this doctrine does not implicate subject matter jurisdiction, the court denies the motion on this ground. Halpern v. Board ofEducation, 196 Conn. 647, 652, note 4 (1985).
While the plaintiff does not contest that General Statutes § 46b-160 applies to this action, in reviewing the complaint, the court finds that it does not. That statute reads in pertinent part:
 (a) Proceedings to establish paternity of a conceived out of lawful wedlock, . . . shall be commenced by the service on the putative father of a verified petition of the mother or expectant mother.
While the action here was initiated without a verified petition, the plaintiff is not seeking an acknowledgment of paternity of the minor child but rather relief under General Statutes § 46b-61. While it is true that one of the elements required for the plaintiff to prove is the defendant's fatherhood, there is no requirement in that statute for a verified petition. Accordingly, the lack of a verified petition here is not an issue of subject matter jurisdiction.
Accordingly, the court denies the motion to dismiss based upon the finding that this action was not brought for relief under General Statutes § 46b-160.
DiPentimma, J.