MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is an action brought on June 5, 1996, pursuant to General Statutes § 46b-129, by the Department of Children and Families ("DCF") claiming that the minor child Carmen M., has been neglected and abused.[2] The respondent, Carmen Fred M., the child's father, seeks to dismiss this action, claiming that there is a prior pending action. He alleges "lack of jurisdiction over the subject matter because of the prior pending action doctrine." The respondent's motion is without merit.
Procedural History:
On July 20, 1995, Henry and Ann,[3] paternal great uncle CT Page 9516 and aunt of the child, filed a proceeding in the Probate Court for the District of East Haven seeking to remove the parents, Carmen Fred M. and Theresa M., as guardians of the child. The paternal great uncle, Henry, and his wife, Ann, were granted immediate temporary custody pursuant to General Statutes §45a-607. This removal petition, brought to the probate court by the paternal great uncle and aunt is what the father claims to be the prior pending action. It is doubtful that the prior proceeding is a proper case at all.
The complexity of the history of proceedings in the probate court concerning Carmen M. between 1994 and 1996 is greatly confused by the terminology of the judge, who "appoints" and "removes" persons as "temporary guardians" when issuing his own written decrees, and awards "temporary custody" when using approved probate court forms. It is also unclear if the child's parents were ever actually removed as guardians, and, if so, who the guardians of the child are at present.
It appears that in November, 1994, the paternal grandparents sought a removal of their son and his wife as guardians of the minor child, Carmen. The probate court made an award of temporary custody to the paternal grandparents. It is unclear whether the court has ever concluded that proceeding by an award of guardianship or a dismissal of the case. Apparently, the grandparents separated after the award of temporary custody.[4]
On July 20, 1995, the paternal great uncle and his wife filed a second petition for removal of guardians. On July 24, 1995, they were awarded immediate temporary custody (form PRC-137) and subsequently, on July 31, 1995, the paternal great uncle and his wife were awarded a Decree of Temporary Custody (form PRC-138).[5]
During November, 1995, DCF was receiving reports of inappropriate treatment of the child by the temporary custodian, Ann M. Pursuant to General Statutes § 17a-101g,[6] DCF investigated the case. The child's court-appointed attorney filed a motion to transfer the case to the Superior Court for Juvenile Matters, pursuant to General Statute § 45a-623, and DCF filed a motion requesting temporary custody pursuant to General Statutes § 45a-607(d).
On January 3, 1996 the probate court issued a "Memorandum of Decision" on the department's request for temporary custody. The decision begins as follows: CT Page 9517
 "The matter in which the Court is involved is a removal of a temporary guardianship for the third time in a year and a half. The minor, six and one half years old, has been tossed around like an old rag for most of his young life . . . The paternal uncle and aunt assumed the care required,[7] but they too split on or before October 1, 1995 at which time DCF made a motion for their appointment of temporary guardianship of Carmen . . ." (Emphasis added)
Both the probate court, in its own decree, and the respondent-father in his Memorandum of Law in Support of Motion to Dismiss, refer to this decree as one which confers "temporary guardianship" upon DCF, while DCF, in its Memorandum of Law in Opposition to Motion to Dismiss, properly refers to this probate decree as one of "temporary custody" This distinction is important ill determining whether these proceedings, i.e., the probate proceeding and the neglect proceeding, are so "virtually alike" as to require the application of the prior pending action doctrine.
Law:
An examination of the probate statutes dealing with Guardian of the Person of a Minor (Chapter 802h, Part II) indicates that the probate decree of January 3, 1996, is, notwithstanding the language of the probate judge, a decree of temporary custody under § 45a-607, and not a decree appointing a temporary guardian under § 45a-622 which can occur only upon application by the actual parent or guardian.[8] The proceeding in the probate court was instituted by persons who were neither the parents nor the guardian of Carmen.
The section settling forth the requirements for the appointment of a temporary guardian, § 45a-622, clearly contemplates a temporary situation in which the parent or current guardian, himself or herself, who ". . is unable to care for the minor for any reason including, but not limited to illness and absence from the jurisdiction" makes application himself or herself to the probate court to appoint someone to assume guardianship temporarily. This section does not contemplate a contested situation where, as here, the natural guardians, the parents, are being sought to be ousted of their guardianship by operation of law, under the provisions of § 45a-610.[9]
CT Page 9518
Consequently, although the probate decree of January 3, 1996, makes constant reference to the removal and appointment of "temporary guardians", it is clear from an examination of probate record, that the court, in it's decree, is using the term "guardian" interchangeably with the term "custodian". It is also clear that the probate court intended to take precisely the same action which it took on July 31, 1995; i.e., the appointment of a new temporary custodian, to wit, DCF, pending a permanent resolution of the disputed change of permanent guardianship. It is on this premise that DCF held the legal status of temporary custodian, and not temporary guardian, at the time the matter was transferred to the Superior Court for Juvenile Matters.
It then becomes necessary to examine the provisions of §45a-607 to determine whether the relief which may be granted in a probate removal or guardianship proceeding and a commitment to DCF pursuant to a neglect petition are so "virtually alike" as to justify the dismissal of the second proceeding under the "prior pending action" doctrine set forth in Halpern v. Board ofEducation 196 Conn. 647, 495 A.2d 264 (1985).
Section 45a-607 is a statute of limited application. It describes the authority of the probate court to award temporary
custody of a minor child only in those situations where application has been made for the removal of a guardian or for termination of parental rights. The statute was specifically designed and formulated to provide immediate assistance to non-parent or non-guardian, "de facto" custodians, in protecting the minor child from harm from the parent or guardian during the pendency of the removal process. Sec. 45a-607(b)(1); Folsom and Wilhelm Connecticut Estates Practice: Incapacity and Adoption,
Sec. 3.9; pp. 183-184 (1991).
Subsection 45a-607(d) details the specific requirements necessary for a probate court to make an award of temporary custody; i.e., there must be a finding, after hearing, that the child is suffering from either a serious physical illness, a serious physical injury, or the immediate threat thereof, or is in immediate physical danger. In this respect, the statute resembles the proceedings giving rise to an order of temporary custody set forth in the superior court for child protection matters. Practice Book § 1041.1 More importantly, however, § 45a-607(e), specifies that the order of temporary custody shall be effective only until disposition of the application for removal of parents or guardians as guardian or until disposition CT Page 9519 of the application for termination of parental rights or until the appointment of a guardian for a child who has no guardian. It is by definition, self-limiting and contemplated only until the proceedings under § 45a-610 (removal of guardian), § 45a-616
(appointment of guardian or co-guardians for minor) or § 45a-717
(termination of parental rights) are concluded; it is not an end relief in itself. In distinction to this, § 46b-129(d) permits an order committing the child ". . to the Commissioner of the Department of Children and Families for a maximum period of twelve months, unless such period is extended in accordance of subsection (e) of this section . . ."
If jurisdiction had remained in the probate court and had not been transferred to the superior court by motion of the child's attorney, then, the probate court's jurisdiction would have constrained it to have either appointed new guardians, pursuant to the request of the relatives, or to terminate parental rights, or to return the child to the custody of his parents. None of the statutory alternatives available under § 45a-607(e) seemed, to DCF. appropriate in this case. DCF, recognizing that the relief available in the probate court was not appropriate, filed the neglect petition under § 46b-129 which provide for the commitment of the child's care to the Commissioner of DCF.
These two types of actions, the probate guardianship statute § 45a-610 and the superior court neglect statute § 46b-129, are further distinguished by the fact that the action in the probate court is for removal of guardianship which must be proven by clear and convincing evidence, § 45a-610 and the neglect statute is to be proven by a fair preponderance of the evidence. It is important to note that under § 45a-614, DCF is not one of the persons eligible to apply to the probate court for the removal of a parent as guardian of a minor nor is DCF eligible for long-term placement of a child through the probate court.[10] The only court which may assign long-term commitment of a child to DCF is the Superior Court for Juvenile Matters through a neglect and abuse proceeding pursuant to § 46b-129. A neglect proceeding also involves different elements of proof.
The court concludes that the cases are not "virtually alike" since: 1) the persons who may petition are not identical, 2) the pleadings in each case are different, 3) the standards of proof are different and 4) the relief which may he granted is not "virtually alike". Notwithstanding the claim of the respondent-father, the "prior pending action" doctrine does not implicate CT Page 9520 the subject matter jurisdiction of the court. It is a rule of justice and equity and is not a principle of absolute law.Halpern v. Board of Education, supra 652-53.
For the foregoing reasons, the motion to dismiss the neglect petition under the prior pending action doctrine is denied.
Foley, P.J. Child Protection Session