[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Sunshine Enterprises, Inc. brings this action against the defendant, Rodensteiner Technologies, LLC, seeking a declaratory judgment.
The plaintiff seeks an interpretation of paragraph 41 of a certain lease agreement between Roger F. Gemza, the original landlord, and the plaintiff.
The case is returnable January 13, 1998.
The defendant moves to dismiss, citing three grounds: (1) the prior pending action doctrine; (2) the failure of the plaintiff to satisfy the requirements of § 390(c) of the Connecticut Practice Book; and (3) the failure to initiate an action in the housing session.
At the time the plaintiff brought the instant action seeking a declaratory judgment, another case, brought by Rodensteiner Technologies, LLC, was already pending in the Judicial District of Danbury, seeking immediate possession of the premises at 12 South Street, Building 1, Rear, Danbury, occupied by Sunshine Enterprises, Inc.
That action was returnable December 10, 1997, and was given Docket No. SP97-8418.
The plaintiff in that action, Rodensteiner Technologies, LLC, seeks a judgment of immediate possession based upon two allegations: (1) nonpayment of rent; and (2) termination of the lease agreement by lapse of time.
The Notice to Quit, dated November 6, 1997, and served upon CT Page 1985 the defendant in the summary process action, listed as reasons for the termination of the tenancy both nonpayment of rent and lapse of time.
In its answer, Sunshine Enterprises, Inc. has set up two special defenses. It first claims that rent has been paid. The second special defense contends that the lease has not expired, pursuant to paragraph 41 of the lease agreement. (See Answer and Special Defenses, dated January 8, 1998.)
Both special defenses have been denied by Rodensteiner Technologies, LLC, and the issues have been joined.
The prior pending action doctrine holds that the pendency of a prior suit of the same character between the parties, brought to obtain the same end or object, is good cause for abatement (dismissal) of the second action Where two suits are virtually alike, involve the same parties; and are pending in the same jurisdiction, the doctrine finds application. Halpern v. Board ofEducation, 196 Conn. 647, 652 (1985).
In order to examine whether actions are "virtually alike," a court must look to the pleadings in each case. Solomon v.Aberman, 196 Conn. 359, 382 (1985).
In this case, both suits involve the same parties, are returnable to the same court, and concern the same portion of a particular lease agreement, paragraph 41.
Both suits serve the same purpose — to define the status of the landlord — tenant relationship between the parties, arising out of a particular written instrument.
Both seek to determine whether the lease agreement has been terminated, or whether it has been extended through the operation of the provision in question.
Although the prayer for relief may vary, the fact that different relief is sought does not prevent the application of the pending action doctrine to a second action adjudicating the same underlying rights. Halpern, supra at 651; Gaudio v. Gaudio,23 Conn. App. 287, 296 (1990).
The pending action doctrine should be invoked based upon these facts, and the defendant is entitled to a dismissal of the CT Page 1986 second action.
It should also be noted that Connecticut Practice Book § 390(c) would serve as a basis for denying to Sunshine Enterprises, Inc. the declaratory relief it seeks.
Pursuant to that section, the court is of the opinion that the parties should seek redress by some other form of procedure; in this case, a summary process action in which the pleadings have already been closed.
The Motion to Dismiss of the defendant, Rodensteiner Technologies, LLC, is GRANTED.
Radcliffe, J.