[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #122, MOTION TO DISMISS #124
CT Page 13383
The plaintiffs Steven and Linda Casper filed a motion to dismiss the defendant George A. Green, Inc.'s counterclaim on the ground that there was a prior pending action. The defendants filed a motion to dismiss the plaintiffs' complaint based on a lack of jurisdiction because of the prior pending action doctrine.
 Discussion
The prior pending action rule states "that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264
(1985). "The prior pending action doctrine applies equally to claims and counterclaims." Miller v. Bethel, Superior Court, judicial district of Danbury, Docket No. 325667 (June 17, 1997) (Stodolink, J.). "The movant must sustain the burden of proving that a prior pending action exists which may be met by submitting affidavits or other evidence of the prior action. . . Even if the movant fails to submit the pleading of the prior suit, however, the court may take judicial notice of the contents of other files of the Superior Court." Id.
The plaintiffs' motion to dismiss the counterclaim
The plaintiffs "move to dismiss the defendant, George A. Green, Inc.'s purported Counter Claim . . . because a prior action is pending in this honorable court, involving the same parties and in which said defendant unilaterally, without any consideration withdrew exactly the same Complaint as the said so called Counter Claim . . ." (Plaintiffs' Motion To Dismiss, p. 1.)
The plaintiffs argue that "[t]he plaintiffs . . . and defendant George A. Green, Inc. . . in the above captioned action are the plaintiffs and defendants, respectively, in the above captioned action and an action pending in this honorable court entitled George A. Green, Inc. v. Stephen Casper, Docket No. CV-93-0116223." (Memorandum In Support, p. 1.) The plaintiffs argue that "[s]aid prior pending action and the above caption action are virtually alike, because said prior action involved the same parties and during which [George A. Green, Inc.] over three years[1] ago unilaterally, and without any CT Page 13384 consideration, withdrew exactly the same Complaint therein as the said so called Counter Claim." (Id.) The defendant George A. Green, Inc. did not file an opposing memorandum to the plaintiffs' motion to dismiss.[2]
"We have explicated the prior pending action doctrine as follows: The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is . . . good cause for abatement[3]. It is so, because there cannot be any reason for bringing the second, and therefore, it must be oppressive and vexatious." (Citations omitted; internal quotation marks omitted.) Halpern v. Board ofEducation, supra, 196 Conn. 652-53.
"Various Superior Courts have refused to dismiss cases based upon the prior pending action doctrine when the prior action is not actually pending. See Norfield Corp. v. LunnInd., Inc., Superior Court, judicial district of Danbury, Docket No. 321900 (December 14, 1995) (Moraghan, J.); Knudsen v.Buettner, Superior Court, judicial district of Danbury, Docket No. 321900 (December 14, 1995) (Moraghan, J.); Ying Shan Corp. v.Cruz, Superior Court, judicial district of New Haven, Docket No. 342439 (April 27, 1995) (Levine, J.); Wintonbury Assoc. v. KBM,Corp. , Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 279772 (March 3, 1995) (DiPentima, J.);Parsons v. Connecticut Light and Power Co., Superior Court, judicial district of Litchfield, Docket No. 066077 (January 25, 1995) (Pickett, J.)." Creiqhton v. Baum, Superior Court, judicial district of Bridgeport, Docket No. 277470, 19 CONN. L. RPTR. 72
(March 14, 1997) (Skolnick, J.).
"The fact that there was at one time an action which is between the same parties, is the same character, and has been brought to achieve the same objective does not abate the current action if that former action is terminated at any time prior to the hearing on a plea in abatement in the second action . . ." (Citations omitted; internal quotation marks omitted.)Hughes v. Budny, Superior Court, judicial district of Litchfield, Docket No. 070449, 18 CONN. L. RPTR. 187 (November 18, 1996) (Pickett, J.).
"[U]nder our present rules of procedure, courts have refused to dismiss actions on the grounds of the prior pending action doctrine when the prior action was terminated or withdrawn before the hearing on the motion to dismiss." Parsons v. The Conn. Light Power Co., Superior Court, judicial district of Litchfield, CT Page 13385 Docket No. 066077 (January 25, 1995) (Pickett, J.). See, e.g.,Wintonbury Assoc. v. KBM, Corp. , Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 279772 (March 3, 1995) (DiPentima, J.) ("[t]he two actions here are virtually identical. The first action was pending when this action was initiated but was withdrawn the day this action was returned to court . . . Since there was only one action pending upon the filing of this action, the purpose behind the doctrine to eliminate `oppressive and vexatious' duplicative litigation would not be served by a dismissal of the second action") (Citations omitted.).
The defendant George A. Green, Inc.'s counter claim was withdrawn prior to the commencement of the instant action.[4]
Therefore, the plaintiffs' motion to dismiss the defendant George A. Green, Inc.'s counter claim is denied.
The defendants' motion to dismiss the Plaintiffs' complaint
The defendants argue in their motion to dismiss that "the defendants . . . move to dismiss . . . for lack of subject matter jurisdiction pursuant to the prior pending action doctrine." (Motion To Dismiss, p. 1.)
The plaintiffs "oppose the defendants'. . . motion to dismiss . . . such a motion to dismiss must be filed within thirty days of filing an appearance which the defendants did not do. [Furthermore,] [t]he defendants . . . filed a Motion to Strike and Counterclaim. Therefore . . . they have waived the right to file such a Motion To Dismiss." (Plaintiff's Memorandum In Opposition, p. 1.)
"Although a motion to dismiss is the proper vehicle to raise the issue of prior pending action, the doctrine does not truly implicate subject matter jurisdiction. . . It may not, therefore, as is true in the case of classic subject matter jurisdiction, always be raised at any time." Gaudio v. Gaudio, 23 Conn. App. 287, 294-95, 580 A.2d 1212 (1990). "While a motion to dismiss is the proper method for asserting the existence of a prior pending action . . . it must be filed before any other motion or pleading addressed to the complaint. Practice Book § 113 [now Practice Book (1998 Rev.) § 10-7]."Hughes v. Budny, supra, Superior Court, Docket No. 070449 18 CONN. L. RPTR. 187.
Accordingly, the defendants filed a motion to strike on CT Page 13386 February 17, 1998, which was prior to the filing of their motion to dismiss on August 13, 1998. Therefore, the defendants waived their right to file a motion to dismiss and their motion to dismiss is denied.
LEHENY, J.