[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, the town of Stafford, moves to dismiss this action "in the nature of mandamus" based on the prior pending case doctrine.
On September 8, 2000, the plaintiff, the Stafford Springs VolunteerFire Department, Inc., sought issuance of a writ of mandamus to compel the town and another defendant, the Tolland County Mutual Aid Fire Service, Inc., to "forthwith cease and desist refusing to dispatch the plaintiffs [sic] and [order] the defendants to resume dispatch of the plaintiffs [sic]."
Pending before this court is another case, Stafford Springs VolunteerFire Department, Inc. v. Stafford, Superior Court, Tolland J.D., d.n. CV 99-71062, in which the plaintiff, along with a coplaintiff, seeks inter alia, injunctive relief to require the town to "reinstate the [plaintiff] first responder status and dispatch all emergency calls in Stafford Springs to Plaintiff," and "[d]ispatch all emergency fire and medical calls to the Plaintiff responder in the borough of Stafford Springs." (Amended complaint, claims for relief 3 and 8).
"The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement," Halpern v. Board of Education, 196 Conn. 647, 652
(1985). The present case seeks the same redress as is requested, inter alia, in the earlier case. The parties are the same except that the previous suit has an additional plaintiff and additional defendants, and the later case has an additional defendant.
The presence of the additional plaintiff and defendants in the earlier case are irrelevant to the application of the prior pending case doctrine to the second case. The presence of an additional defendant in the latter matter does require some discussion, however.
The added defendant, the Tolland County Mutual Aid Fire Service, Inc., (Service), receives emergency calls throughout a region which includes the town of Stafford. That Service channels these calls to the responders designated by the town. The Service acts merely as a go-between or router and has no stake in the outcome of these cases. The Service has failed to appear in response to the present action. The relief sought in both matters is identical, viz, that the town be required to designate the CT Page 12189 plaintiff as a responder. To permit a second case to proceed while another earlier case addresses the same dispute and will bind the same parties in the second case, is duplicative, an unnecessary drain on the parties' and court's resources, and is vexatious.
The motion to dismiss is granted. The plaintiff may move to have the Service cited in as a party on case d.n. CV 99-71062.
Sferrazza, J.