[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff, Yellow Page Consultants, Inc., filed this action on December 1, 2000 seeking confirmation of an arbitration award, rendered December 15, 1999, against the defendant, Allied Bolt Screw Corporation. As one of the grounds in Opposition to confirmation, Allied claims that Yellow Page Consultants seeks the same relief in a prior CT Page 565 suit, Yellow Page Consultants, Inc. v. Neil Goldberg et al., Superior Court, Judicial District of Hartford, Docket No. CV00-0594910S (filed December 20, 1999). The court finds this ground dispositive of this suit.[1]
Under the prior pending action doctrine, "when two separate lawsuits are virtually alike, the second action is amenable to dismissal by the court." (Internal quotation marks omitted). Halpern v. Board ofEducation, 196 Conn. 647, 652, 495 A.2d 264 (1985). To determine whether the second action is virtually alike, the court must examine the pleadings. Id., 653.
The original complaint in the first case seeks only damages against defendant Neil Goldberg. Despite this fact, the very next substantive pleading in the file is entitled "Application for Order Confirming Award" identifying Allied Bolt Screw Corp. and Neil Goldberg as "Respondents." The application alleges that the award in question was rendered November 23, 1999 and then was "modified to be against, [sic] Allied Bolt and Screw, [sic] Corp. only." Attached to the application are copies of an award dated November 23, 1999 naming both Goldberg and Allied as respondents and a second award dated December 15, 1999 naming only Allied as the respondent. From the allegation just quoted, it is apparent that the plaintiff seeks to confirm only the December 15, 1999 award. Examination of this award reveals it to be the same award that the plaintiff in the current case seeks to confirm.
The application to confirm the award in the first suit is still pending.[2] Because the application in the first suit is identical to the second suit, the second suit is dismissed under the prior pending action doctrine. "It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious." (Internal quotation marks omitted). Id., 652.
The case is dismissed.
Carl J. Schuman Judge, Superior Court