[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
1. FACTUAL BACKGROUND
The plaintiff Pamela Gervais brought this civil suit on October 23, 2001 in the New Britain Judicial District, seeking a distribution of the profits, an accounting, restitution of past profits and for the appointment of a receiver for a limited liability company, hereafter "LLC", which she owns equally with her husband. Earlier, the defendant in this case had filed a dissolution action in the Litchfield Judicial District entitled Daniel Gervais v. Pamela M. Gervais bearing docket number FA-00-008223-S. with a return date of April 25, 2000. The plaintiff in the dissolution matter, and the defendant in this action, has filed the motion to dismiss based on his claim that there is a "prior pending action." Although he does not claim that the actions are identical, he maintains that the relief being sought in this case, the CT Page 15352 second case, can also be sought in the dissolution action. He alleges that many of the same claims have been raised in that action. The dissolution matter is scheduled for trial on November 15 and November 16, 2001. The plaintiff maintains that if the second action in New Britain were dismissed, she would be deprived of a full and fair adjudication of her claims. For the reasons set forth in detail below, the court grants the motion to dismiss as these claims can and should be tried in the pending dissolution action.
2. ISSUE:
Is the instant action sufficiently similar to the pending dissolution case to warrant its dismissal pursuant to the "prior pending action" doctrine?
3. STANDARD OF REVIEW:
"The grounds which may be asserted in a motion to dismiss are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31. The prior pending action rule states "that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.) Halpern v. Board ofEducation, 196 Conn. 647, 652, 495 A.2d 264 (1985). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Id., 652 n. 4.
The Halpern court went on to state:
 The prior pending action doctrine has evolved as a rule of justice and equity . . . and retains its vitality in this state, in which joinder of claims and of remedies is permissive rather than mandatory. We have explicated the prior pending action doctrine as follows: [t]he pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are CT Page 15353 virtually alike, and in the same jurisdiction. The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law. We must examine the pleadings to ascertain whether the actions are "virtually alike." (Internal citations and quotation marks omitted.) at pages 652, 653.
3. DISCUSSION:
The court finds that the defendant Daniel Gervais has used the proper motion to state his claim before the court, although at first glance it might appear another motion would be more suited to the purpose. The crucial or central question is whether the two actions pending are sufficiently similar to warrant the dismissal of the second action to permit the first case to contain the entire litigation. The court has examined the pleadings in both cases and they are not similar in all aspects, as the second action is more narrowly tailored to the LLC. However, when viewing both cases from the optic of claims to the LLC, they are substantially similar. And it is the scope of relief sought in each case, which is even more alike.
While Pamela Gervais argues that the dissolution court could not order an accounting or appoint a receiver to manage the property, the authority of a judge in fashioning a final dissolution decree concerning a marital asset, which the LLC admittedly is, is very broad in scope.[1] Even the fact that she alleges her husband committed a tort against her is justicible within the confines of the dissolution action.
The court finds, from an examination of the proposed orders and claims for relief in the dissolution action, that Pamela Gervais is seeking an order that the LLC continue to be held jointly in the dissolution case. She makes a claim for her portion of the profits for the year 2000. During the pendency of that action, she also secured the payment of a fee for a professional to perform an evaluation of the LLC. In discovery, information and documents about the affairs of the business have also been sought.
In the present case, Pamela Gervais seeks four specific types of relief:
 (1) her rightful distribution of the profits form the LLC from 1999 to the present,
 (2) restitution from the Defendant (Daniel R. Gervais) for distributions due and owing and wrongfully withheld by the Defendant, together with interest and CT Page 15354 legal fees
 (3) a complete accounting of the finances of the LLC from 1999 to the present.
 (4) The appointment of a receiver to effectuate the distributions due and owing to Pamela Gervais), and to henceforth manage the financial affairs of the company.
The first three types of relief are without question available and within the power of the dissolution court. The fourth, the appointment of a receiver, is perhaps problematic without more evidence, but should Pamela Gervais continue to retain her 50% share of the LLC post dissolution, it remains a form of relief she could seek if the parties remain deadlocked about the management of their company.[2] From a consideration of the foregoing, the court finds that if both cases were tried to conclusion, conflicting orders concerning the same asset could be entered. The relief sought is substantially similar and "virtually alike." To defend against two cases where only one is necessary is both "oppressive and vexatious" as stated by the Halpern court.
No reason was advanced as to why the second suit was filed. No compelling reason was provided for why these claims could not have been made in the dissolution action. Nor was any reason provided for filing this second case within a short period of time after the trial dates were provided to counsel for the dissolution case. Equity compels that such action not be permitted where the relief sought in both actions as it related to the LLC is virtually alike.
For the foregoing reasons, the court grants the motion to dismiss and overrules the objection to it.
BY THE COURT
Barbarba M. Quinn, Judge