MEMORANDUM OF DECISION ON DEFENDANTS PATRICK T. LYONS AND PLAN B, LLC’S MOTION TO DISMISS
EAGAN, J.
INTRODUCTION
The defendants, Patrick T. Lyons and Plan B, LLC, move to dismiss the claims against them on the grounds that there are prior, similar claims pending in the Connecticut Superior Court in New London. Pursuant to the prior pending action doctrine, defendants submit that the instant case should be dismissed as duplicative and vexatious.
The Motion to Dismiss is denied.
BACKGROUND
The Court has recently denied a Motion to Strike in this case filed by a co-defendant, the Mohegan Tribal Gaming Authority (MTGA). The matter arises out of a motor vehicle accident on March 7, 2009 on 1-395 in Montville which resulted in the death of Elizabeth Durante.
The deceased was a passenger in a van traveling to Logan Airport when it was struck by a vehicle operated by a patron of the Mohegan Sun Casino, Daniel Musser, who was intoxicated at the time of the accident. Prior to the accident, Musser allegedly was drinking at the Ultra 88 Night Club (hereinafter “the Night Club”), also known as the Mohegan After Dark, located at the Mohegan Sun Casino. The defendant, Patrick T. Lyons, is a permittee *255 of the Night Club and the defendant Plan B, LLC is a Backer and, allegedly, owner of the Night Club.
It is alleged that Musser became visibly intoxicated when he was at the Night Club and, while so intoxicated, proceeded through the Casino to his car, parked in the MTGA’s garage. None of the MTGA’s employees tried to prevent Musser from going to his car or operating it, Musser drove out of the parking garage the wrong way, which resulted in his entering onto I-395 traveling the wrong way, at a high rate of speed, where he collided with the van carrying Elizabeth Durante.
A plaintiff in this case, Kathleen Durante, Administratrix of the estate of Elizabeth Durante, her daughter, filed a complaint arising out of the accident in New London Superior Court against the defendants Lyons and Plan B in November 2009. This plaintiff subsequently filed another complaint arising out of the accident against the same defendants, as well as the MTGA, in the Mohegan Gaming Disputes Court in the spring of 2010, and a second amended complaint in July 2010. Kathleen and Keith Durante, individually, also make a claim for loss of filial consortium in the complaint filed in this Court.
DISCUSSION
1. Legal Standard
The purpose of a motion to dismiss is to test whether, on the face of the record, the court is without jurisdiction. Beecher v. Mohegan Tribe of Indians of Conn., 282 Conn. 130, 134, 918 A.2d 880 (2007). There is a serious legal issue as to whether the prior pending action rule implicates the jurisdiction of the court. However, for purposes of the present motion, “the plaintiffs do not contest that the motion to dismiss is the proper vehicle to present this issue ...” Plaintiffs Memorandum, p. 7.
The test for determining if a second suit should be dismissed under the pendency of a prior suit doctrine is whether the “two separate lawsuits are virtually alike ...” Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264 (1985). “The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, a good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious.” This is “a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction.” Id. at 652-653, 495 A.2d 264.
2. The Claims
In order to determine whether two cases are sufficiently similar to require dismissal under the pendency of a prior suit rule, the Court must carefully examine the pleadings in both cases. Here, both suits are clearly similar in that they arise out of the accident on March 7, 2009 and seek damages for the death of Elizabeth Durante.
However, the suit filed in the Superior Court in New London, on behalf of the decedent’s estate, against Lyons and Plan B, is a Connecticut Dram Shop action under Connecticut General Statutes Section 30-102. On the other hand, the suit filed in this Court against Lyons and Plan B involves claims of common law negligence, reckless misconduct and nuisance. Under the Dram Shop claim pending in Superior Court, defendant’s liability is limited to $250,000.00. There is no similar limitation on damages on the claims pending against the defendants in this Court. Accordingly one of the defendant’s arguments in sup *256 port of dismissal—that the “Plaintiff has attempted to recover duplicate damages”, is flawed. Defendants’ Memorandum, p. 8. Conceivably, the plaintiff could recover damages for its Dram Shop claim as well as additional damages under its common law claims pending in this Court.
Defendants further argue that they will be forced to defend the same claims in two jurisdictions unless this Court dismisses the pending complaint. Defendants’ Memorandum, p. 9. As noted above, the claim pending in Superior Court is not the same as the claims pending here. And, as plaintiff correctly points out, with regard to the Dram Shop claim, the plaintiff need prove only that defendants served Musser while he was intoxicated, resulting in the death of Elizabeth Durante. With regard to the negligence, reckless misconduct and nuisance claims, the essential elements of each of these claims is different, thereby requiring proof different from that required to establish a Dram Shop violation, thereby necessitating different evidence.
3. The Parties
The defendants named in the complaint in this Court are Lyons and Plan B, as well as the MTGA. There is nothing to suggest that the MTGA is subject to the jurisdiction of a Connecticut Court under the Dram Shop statute, while all three defendants are subject to the jurisdiction of the Mohegan Gaming Disputes Court for claims of common law negligence, reckless misconduct and nuisance. The fact that this is the sole jurisdiction where plaintiffs can assert these claims against all the parties militates strongly against dismissing the pending action.
Additionally, the plaintiffs in the present action and the action in Superior Court are not identical. In Superior Court, only Kathleen Durante, as Administratrix of her daughter’s estate, is a plaintiff. Here, not only is the estate a plaintiff, but also Kathleen and Keith Durante are individual plaintiffs claiming a loss of filial consortium.
4. The Jurisdictions
The defendants rely on the Connecticut Supreme Court’s decision of Halpern v. Board of Education, 196 Conn. 647, 495 A.2d 264 (1985) to support their argument that this action should be dismissed under the prior pending action doctrine. Defendants’ Memorandum, p. 4. In Halpern, the Court noted that the doctrine is “a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction.” (Emphasis added.) Id. at 653, 495 A.2d 264. Clearly, that is not the ease here where plaintiffs Dram Shop action is pending in a Connecticut State Court and its common law claims are before the Mohegan Gaming Disputes Court.
CONCLUSION
For the foregoing reasons, the Motion to Dismiss is denied.
So ordered.