[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #102
On August 19, 1997, the plaintiff, Christopher Handrinos, filed a complaint against the defendant, Peter Lathouris. On October 21, 1997, the defendant filed a motion to dismiss on the ground that "this Court . . . accepted [the parties'] stipulation and ordered all claims and matters between them referred to binding arbitration. The parties are currently engaged in said arbitration." On November 9, 1997, the plaintiff filed a memorandum in opposition to the motion to dismiss.
The following are the only facts relevant to the current motion: On or before February 26, 1997, the plaintiff, the defendant and other persons not party to the present action, entered into an agreement to submit their disputes to arbitration. On June 16, 1997, during a deposition relating to these disputes, it was discovered that the defendant might be improperly withholding some additional money due to the plaintiff. The event triggering the alleged debt to the plaintiff CT Page 11817 occurred in 1987.
Paragraph 3 (a) of the contractual agreement mandating arbitration states: "No additional dispute may be submitted to Alternative Dispute Resolution after April 1, 1997, except by application to an approval [sic] by the Alternate Dispute Resolution party or parties." Paragraph 16 states: "the parties covenant and agree that any matter not raised during said ADR proceedings and arising or occurring prior to the date hereof, shall be merged therein and shall otherwise be waived and relinquished, except to the extent presented in said ADR proceedings."
"[T]he arbitrability of a dispute is a legal question for the court; unless the parties have clearly agreed to submit that question to arbitration. . . . In determining if a particular dispute is subject to the arbitration provisions of a contract, the judicial inquiry must be strictly confined to the question whether the reluctant party agreed to arbitrate the grievance. . . ." Rapaport Benedict, P.C. v. Stamford,39 Conn. App. 492, 501, 664 A.2d 1193 (1995).
The plaintiff argues that the events leading to the present complaint occurred after April 1, 1997 and is therefore outside the scope of the agreed upon arbitration. This argument, however, is flawed. While the plaintiff might not have been informed of this claim until June of 1997, the event giving rise to the claim occurred in 1987.
According to the stipulation, the plaintiff contractually agreed (and the court ordered) that any matter involving the present parties arising prior to April 1, 1997 would be merged with the pending arbitration, or be waived. The agreement further requires that any matter not submitted for arbitration by April 1, 1997 should be submitted for the approval of the parties before adding the dispute to the arbitration proceedings.
The plaintiff concedes that he has made no such application or request for approval. The plaintiff states his reason for failing to do so is that the other parties are likely to reject the application.
The court notes, however, that the ground asserted by the defendant is not an appropriate ground for dismissal of an action. The defendant, in his memorandum, cites Practice Book CT Page 11818 § 143 (1) as providing authority to the court to dismiss an action because of a contractual agreement to submit claims to arbitration. In the alternative, the defendant claims that the "prior pending action" doctrine applies to the present case.
Practice Book § 143 (1) states that a court's "lack of jurisdiction over the subject matter" is a proper ground for a motion to dismiss. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figuerora v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996).
There is no dispute that over whether the court has the power to hear actions between parties involving the issues found in the present case. The defendant contests the court's jurisdiction based only on the agreement to arbitrate. The defendant does not cite, and the court is unable to find, authority for the proposition that a contractual agreement to arbitrate divests a court of subject matter jurisdiction over the case.
The prior pending action rule states "that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264
(1985).
The defendant fails to provide the court with any evidence regarding the subject matter of the arbitration. Rather, the defendant merely states in his memorandum that under the doctrine of "prior pending action", the court should dismiss the action. There is no discussion in the defendant's memorandum regarding how the defendant reaches this legal conclusion. The court is unable to determine, therefore, whether the actions are virtually alike.
General Statutes § 52-409 is not mentioned in the briefs submitted by either party. General Statutes § 52-409, however, is wholly applicable to the present case. That statute states: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration CT Page 11819 agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."
The court will assume, in the present case, that the defendant's motion to dismiss is also intended to be a General Statutes § 52-409 motion to stay the proceedings until an arbitration has occurred pursuant to the agreement.
The court finds that, under the February 26, 1997 agreement, the present case is referable to arbitration. The court orders that the present action should be stayed pending the outcome of the arbitration. If the defendant refuses to submit to arbitration on the issue presented in the plaintiffs complaint, the motion to dismiss and the implicit motion to stay proceedings are denied.
So ordered.
MINTZ, J.