[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5661
The defendants, Francis A. Montbach, Stephen M. Marcusa, Louis G. Juliano, and Douglas A. Jacobsen, have filed a motion to dismiss against the plaintiff, Frederick A. Lovejoy. The defendants assert four grounds for their motion: 1) That there exists a similar suit already pending in this court; 2) the plaintiff "failed to serve and name the actual partnership as a party to this action;" 3) pursuant to General Statutes §52-59b, the court is without personal jurisdiction over the defendants; and 4) service of process was not in compliance with General Statutes § 52-59b(c).
The first two grounds for the present motion are without merit. The defendants' first ground for the motion to dismiss raises the prior pending action doctrine. Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Halpern v. Board ofEducation, 196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985). The prior pending action rule is stated as follows: "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement." Id., 652.
The "first action" referred to by the defendants here was brought by the plaintiff against the law firm of Bingham Englar Jones Houston ("the Firm") and Joseph Kilbourn. See Lovejoy v.Kilbourn, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144158. The Firm and Kilbourn are different legal entities than the individual defendants' sued here. Therefore, the prior pending action doctrine has no application to this case.
The defendants' second ground for the motion to dismiss is that the plaintiff has "failed to serve and name the actual partnership as a party to the action." However, "a motion to dismiss is not the proper method to raise the issue of the nonjoinder of a party. Instead, the exclusive remedy for nonjoinder of indispensable parties is by way of a motion to strike." Levine v. Police Commission, 28 Conn. App. 344, 351,612 A.2d 787, cert. denied, 223 Conn. 923, 614 A.2d 823 (1992). CT Page 5662
The third reason asserted by the defendants for the motion is that the court lacks personal jurisdiction over the defendants pursuant to General Statutes § 52-59b. Lack of personal jurisdiction is an appropriate ground for a motion to dismiss. See Practice Book § 142, now Practice Book (Rev. 1998) §10-30.
General Statutes § 52-59b(a) states that "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act . . .; or (4) owns, uses or possesses any real property situated within the state."
In the present case, the plaintiff, in his complaint, alleges that the defendants breached an agreement to pay him severance. The plaintiff does not, however, allege any sort of tortious action occurring in this state. Further, the court has not been provided with evidence that these individual defendants ever transacted business in this state in their individual capacity. The court also has not been provided with evidence that any of these defendants own, use or posses any real property in this state.
The plaintiff has not sustained his burden of proof of establishing the facts pertaining to personal jurisdiction over the nonresident defendants under General Statutes §52-59b(a)(1). See Standard Tallow Corporation v. Jowdy,190 Conn. 48, 459 A.2d 503 (1983). The defendants' motion to dismiss is granted.
DEAN, J.