[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, C. George Kanabis, brings this action for a writ of mandamus to compel the defendant, Town of Stonington, to so maintain an easement given to the Town in a manner than conforms with the terms of the easement.
On or about May 16, 1982, the Town was deeded an easement at the corner of East Main Street and Holmes Street adjacent to the Mystic River. The deed particularly required the Town to so maintain the area in such a way as to "preserve a perpetual and unobstructed view of said waterway from said premises and from the adjacent highways.
The deed further states that the grantors desire that said property "be accessible and subject to use by members of the general public for purposes of enjoying an unobstructed view of said waterway.
Furthermore, the deed requires the Town to cut or remove trees only except as may be necessary to preserve the view of the Mystic River. Kanabis brings this action as a taxpayer and member of the general public. He claims that the Town has failed to CT Page 11512 maintain the property so as to provide the unobstructed views from the adjacent highway. At a hearing before this court on August 3, 1999, evidence was presented by way of photographs which clearly demonstrate that the deeded easement's purposed terms and conditions are being thwarted. The property contains several large trees which completely obstruct the view of the river from the adjacent highway.
The court finds that the view is obstructed in violation of the terms of the easement deed. There is no completely unobstructed view of the river from the highway. As a member of the public, the plaintiff claims there is no legal remedy other than a mandamus to correct the problem and afford the public a view of the river as required by the deed.
 Discussion
The granting of the mandamus would require the Town to cut and trim the trees so as to provide an unobstructed view. However, the Town claims that there is another action pending which involves the same issues. In the case of SP Oyster HouseCo., Inc. v. Town of Stonington, (Docket No. CV99-0549484) the parties seek a declaratory judgment as to the interpretation of the easement which the owners gave to the Town. On or about February 19, 1999, Kanabis intervened as a party defendant in that lawsuit, claiming as a citizen and taxpayer of the Town he was a beneficiary of the easement and, therefore, had a vested interest in the interpretation of the easement. That case is scheduled for trial on November 16, 1999.
The court finds it would not be appropriate to grant a mandamus in this case and then have a ruling in the SP Oyster case, after a full hearing that might have just the opposite result. The Town asks the court to dismiss this action under the Prior Pending Action Doctrine.
The doctrine states that when two separate lawsuits are virtually alike, the second action should be dismissed. Solomonv. Aberman, 196 Conn. 359 (1985) and Halpern v. Board ofEducation of the City of Bristol, 196 Conn. 647 (1985).
The court finds here that the same parties and issues are involved in both cases. The SP Oyster case will give the court a full opportunity to interpret and clarify the rights, duties and obligations of all the parties with regard to the easement CT Page 11513 property.
Accordingly, the action for a mandamus is dismissed.
D. Michael Hurley, Judge Trial Referee