[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MORANDUM OF DECISION ON MOTIONS TO DISMISS OF ERECTION WELDING CONTRACTORS, LLC, CONNECTICUT CONCRETE CONSTRUCTION, INC. AND M. RAVIKOFF ASSOCIATES, INC.
In a complaint with a return day of October 24, 2000, the plaintiff City of Danbury brought this action to quiet title to a 1.6 acre parcel of land in Danbury that was to be the site of an ice rink. The complaint names twenty-eight defendants, twenty-seven of whom it alleges have filed mechanic's liens against the property. Three of those defendants, Erection Welding Contractors, LLC, Connecticut Concrete Construction, CT Page 2196 Inc., and M. Ravikoff Associates, Inc., have moved to dismiss the quiet title action on the ground that there is a prior pending action between them and the City in which the claim could be brought.
None of the movants claims that the City has in fact brought a quiet title action in any prior proceeding. They assert, rather, that they and the City are parties in other prior suits and that the City could raise the quiet title action in those suits as a cross claim or counterclaim. Eight suits involving claims for payment for construction of the ice rink have been transferred to the Complex Litigation Docket.
The City has responded that 1) the motions to dismiss were not timely filed and therefore cannot be adjudicated on the merits and 2) that the prior pending action doctrine bars only the repetition of the same claims, not later suits raising different claims. The City further observes that none of the other cases include all of the parties that have filed mechanics' liens, and that a single quiet title action is superior to the assertion of separate claims to quiet title against various lienors in multiple cases.
I. Are the motions barred as untimely?
Except for motions raising issues of in personam jurisdiction (which must be filed within thirty days of filing an appearance, pursuant to Practice Book § 10-30) and motions raising issues of subject matter jurisdiction, (which may be filed at any time, see Dowling v. Slotnick,244 Conn. 281, 287, cert. denied, 525 U.S. 1017 (1998)) the time to plead is governed by Practice Book § 10-8 and Conn. Gen. Stat. § 52-121.
Conn. Gen. Stat. § 52-121 (a) provides that "[a]ny pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending." Section 52-121 (c) provides that "[n]o penalty for failure to plead within the time provided by any rule relating to the filing of any pleading may be imposed upon any party to any action unless the failure is a violation of an order or judgment made by the court after notice and hearing thereon." The plaintiff has not challenged the right of the General Assembly to enact statutes concerning pleadings in court proceedings.
The City has not asserted that a motion for default against any of the movants has been decided, nor that a judgment has entered upon any default. Accordingly, the motions to dismiss, though filed beyond the CT Page 2197 time allowed by Practice Book § 10-8, may be considered by the court; and this court exercises it discretion to consider them. Chapmanv. Norfolk Dedham Mutual Fire Ins. Co., 39 Conn. App. 306, 332-33, cert. denied, 235 Conn. 925 (1995).
II. Does the Prior Pending Action Doctrine Apply?
The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious." Halpern v. Board of Education, supra, 196 Conn. 652-53.
A court faced with a claim of prior pending action "must examine the pleadings to ascertain whether the actions were virtually alike . . . and whether they are brought to adjudicate the same underlying rights." (Emphasis in original, internal citations omitted.) Sandvig v. A.Debreuil Sons, Inc., supra, 53 Conn. 469, citing Beaudoin v. Town OilCo., 207 Conn. 575, 584 (1988).
The movants have not alleged that the City has filed "virtually identical" pleadings in any other case in which they are parties. Instead, they allege that the City could file its action to quiet title in counterclaims in some of those cases. The movants have identified no case in which an action was dismissed because of prospective, rather than actual pleadings in a prior action. None of the other cases mentioned by the movants includes all twenty-seven parties that have been named in the instant action as having filed mechanics' liens.
The Supreme Court ruled in Halpern v. Board of Education, supra,196 Conn. 647, that the prior pending action doctrine "permits" dismissal of the second case, not that it requires dismissal. The interests of efficiency will be served if the issue of the enforceability of the various mechanics' liens is decided in a single proceeding that includes all the present lienors rather than piecemeal in counterclaims in separate cases brought by lienors to enforce the liens.
Conclusion
For the foregoing reasons stated above, the court denies the motions to dismiss.
Beverly J. Hodgson CT Page 2198 Judge of the Superior Court